Kenneth Allen FRAZIER,
Jr., Petitioner,

v.

Russell ROGERSON, Warden,
Respondent.

No. C02–4010–MWB.

United States District Court,
N.D. Iowa,
Western Division.

March 4, 2003.

Michael J. Frey, Hellige, Lundberg, Meis, Erickson & Frey, Sioux City, IA, for Plaintiff.

Robert P. Ewald, AAG, Des Moines, IA, for Defendant.

## MEMORANDUM OPINION AND OR-DER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOM-MENDATION

BENNETT, Chief Judge.

### TABLE OF CONTENTS

I. INTRODUCTION AND BACKGROUND ........................................826
   A. Frazier's Conviction And Post-conviction Relief Proceedings .............826
   B. Frazier's Federal Habeas Action ......................................827
      1. Frazier's habeas petition ........................................827
      2. The respondent's motion to dismiss ..............................827
      3. Frazier's resistance ............................................828
      4. The respondent's reply ..........................................828
      5. The report and recommendation ..................................829
      6. Frazier's objections to the report and recommendation ..........829

II. ANALYSIS .............................................................830
   A. Standard Of Review ................................................830
   B. Discussion ........................................................830
      1. Expiration of the statute of limitations .........................830
         a. One–year period of limitations pursuant to 28 U.S.C. § 2244(d)(1)(A) ......................................................831
         b. One–year period of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D) ......................................................831
            i. The chronology of events ...................................832
            ii. Due diligence ............................................833
      2. Equitable tolling of the statute of limitations .....................834
   C. Certificate of Appealability .........................................835

III. CONCLUSION ........................................................835

## I. INTRODUCTION AND BACKGROUND

This petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 comes before the court on United States Magistrate Judge Paul A. Zoss's September 11, 2002, Report and Recommendation (Docket No. 24). In his Report and Recommendation, Judge Zoss recommends that the court grant respondent Russell Rogerson's ("respondent"), May 21, 2002, Motion to Dismiss Habeas Petition As Untimely (Docket No. 11). Petitioner Kenneth Allen Frazier, Jr. ("Frazier"), filed Objections to the Report and Recommendation, through counsel, on October 25, 2002.

### A. Frazier's Conviction And Post-conviction Relief Proceedings

Petitioner Kenneth Allen Frazier, Jr. filed the present action for *habeas corpus* relief on or about February 15, 2002,[1] seeking relief from his convictions for first-degree burglary, assault while participating in a felony, and aggravated assault on May 17, 1995. Frazier was sentenced to concurrent terms of twenty-five, five, and two years imprisonment, respectively, on his convictions. Frazier's convictions were

---

1. Judge Zoss determined that for purposes of applying 28 U.S.C. § 2244(d), Frazier's *pro se* petition for *habeas* relief is deemed filed on February 15, 2002. (Report and Recommen-

dation, Docket No. 24 at 2 n. 1). *See also Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir.1999) (en banc).

affirmed on appeal to the Iowa Court of Appeals on October 25, 1996. The Iowa Supreme Court denied further review on January 3, 1997, and *procedendo* issued on January 16, 1997. On June 8, 1998, Frazier filed a state application for post-conviction relief, based on "new evidence." That "new evidence" included the plea agreement of Herbert Davis, who testified at trial that he was with Frazier during the burglary, the testimony of Jose Gardea, who testified that he and Lyndon Hamann used to do drugs together and that Hamann told him that he broke into the apartment Frazier was convicted of burglarizing, and the May 7, 1997, affidavit by Karen Freeman indicating that another person, Lyndon Hamann, actually committed the burglary for which Frazier was convicted. The Iowa District Court denied the petition on October 12, 1999. On March 14, 2001, the Iowa Court of Appeals affirmed the ruling of the district court and *procedendo* issued on April 26, 2001.

### B. Frazier's Federal Habeas Action

### 1. Frazier's habeas petition

Frazier filed this *pro se* petition for federal *habeas corpus* relief on February 15, 2002 (Docket No. 1), with a statement of financial status (Docket No. 2). In his federal *pro se* petition Frazier asserts the following grounds for relief: As "Ground One," he asserts that there is newly discovered evidence that has not been heard before, mainly the state's nondisclosure of a pending deal with victim Hamann to dismiss charges against him in exchange for his testimony; as "Ground Two," he asserts that there is newly discovered evidence and that there were errors of law that need to be corrected; and, as "Ground Three," he asserts that his counsel was ineffective for failing to further investigate the state's witnesses. The court entered a Pre–Initial Review Order granting Frazier leave to file the petition *in forma pauperis* and directing the appointment of counsel.

Further, the court directed that the *pro se* petition be deemed filed February 15, 2002, and that appointed counsel file an amended petition. Frazier filed a *pro se* amendment to his petition on April 5, 2002, requesting that the court substitute respondent Russell Rogerson, the Warden of the Iowa Medical and Classification Center, for the original respondent, identified as the State of Iowa (Docket No. 8). The court, by order dated April 19, 2002, granted the request to substitute parties and directed the respondent to answer. (Docket No. 9). Respondent Rogerson answered the petition on May 21, 2002 (Docket No. 10).

### 2. The respondent's motion to dismiss

On May 21, 2002, the respondent moved to dismiss Frazier's petition on the ground that the petition was time-barred under the pertinent provision of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1) and (d)(2). Respondent provided the following dates:

| | |
|---|---|
| April 3, 1997 | Date Frazier's conviction becomes final. |
| May 7, 1997 | Date Freeman affidavit is signed. |
| April 3, 1998 | One-year period of limitation expires. (365 days after April 3, 1997). |
| July 16, 1998 | Date respondent argues post-conviction relief filed. |
| (June 8, 1998) | Date Judge Zoss found post-conviction relief filed. |
| March 14, 2001 | Date of state's final decision. |
| April 25, 2001 | Procedendo issued in post-conviction relief. (Post-conviction relief was pending for 1014 days). |
| February 15, 2002 | Date Frazier filed his federal petition. (1779 days after April 3, 1997). |

Respondent contends that by subtracting the 1014 days the post-conviction relief action was pending from 1779 days, the difference is 765 days, exactly 400 days late (765—365 = 400). Respondent argues that Frazier had one year from April

3, 1997, to file a federal habeas petition and that Frazier's state post-conviction relief application was filed outside of this limitations period, on July 16, 1998,[2] so that the one-year statute of limitations period had already expired when Frazier filed his post-conviction relief action.

### 3. Frazier's resistance

Following the filing of respondent's motion to dismiss, Frazier filed his resistance (Docket No. 20), in which he contends that, pursuant to the AEDPA, the one-year statute of limitations period should be tolled to allow the filing of his petition due to circumstances beyond his control. Frazier argues the "new evidence" could not have been discovered earlier through the exercise of due diligence. Further, he asserts that the time period under § 2244(d)(1)(D) did not begin to run until he discovered the "new evidence." Frazier concludes his argument by asserting that the one-year statute of limitations period should not have started running until the completion of the state's appeals process on April 25, 2001.[3] Frazier argues his *habeas corpus* petition was timely filed because he would have had until April 25, 2002, to file his federal *habeas* petition and that he filed his petition on February 15, 2002, within the one-year statute of limitations period. Frazier submits an affidavit with his resistance stating that the reason he filed his petition in February was because he did not have law books, did not have his legal or personal mail sent to the facility until July 31, 2001, that his attorney informed him that he would have to file the petition, and that he did not have the training or knowledge to do so.

### 4. The respondent's reply

On September 3, 2002, the respondent filed a reply to Frazier's resistance to the motion to dismiss (Docket No. 22) arguing that even if Frazier's federal habeas petition is based on "new evidence" it is still untimely. Respondent contends, in his reply, that the statute of limitations had expired prior to Frazier filing his post-conviction relief application based on "new evidence." Respondent argues that Frazier's direct appeal became final on April 3, 1997, and the Freeman affidavit is dated approximately one month later, May 7, 1997. Respondent argues that Frazier filed his post-conviction relief action on July 16, 1998, and that "assuming" Frazier had knowledge of the "new evidence" around the time that it was made and "most likely before," Frazier failed to file his post-conviction relief application within one year of discovering the "new evidence." Respondent also argues, in his reply, that the value of the affidavit is questionable given the fact that Freeman was convicted of conspiracy to create fraudulent documents, and that Hamann was a witness against her at the trial in which she was convicted. Respondent contends that the affidavit does not provide "the factual predicate" of any of the claims presented in the post-conviction relief application. However, the court notes that the "Motion to Dismiss as Untimely"

---

**2.** Judge Zoss determined that, pursuant to the "mailbox rule," June 8, 1998 is the date Frazier's state post-conviction relief application was filed. *See* Report and Recommendation, Docket No. 24 at 2 n. 1.

**3.** The court notes that this argument is legally incorrect. The Eighth Circuit Court of Appeals has found that § 2244(d)(2) does not toll the limitations period for the 90 days during which a petitioner could seek *certiorari* from a state court's denial of post-conviction relief. *See Snow v. Ault,* 238 F.3d 1033, 1035 (8th Cir.2001). Therefore, the state's final decision was the Iowa Court of Appeals' ruling, on March 14, 2001, and the limitations period, which had been tolled by the post-conviction relief proceedings, resumed and continued running until a one-year period was concluded.

was based exclusively on the timeliness of the filing of the petition. Respondent's argument that the affidavit would not have made a difference in the outcome of the trial was not raised until the respondent's reply to petitioner's resistance. Therefore, the issue of the sufficiency of the affidavit to warrant *habeas* relief is not properly before the court and will not be considered.

Respondent, in addressing Frazier's argument for equitable tolling, asserts that Frazier's "extraordinary circumstances" fail, under the law of the Eighth Circuit, to warrant equitable tolling.

### 5. The report and recommendation

This case was referred to United States Magistrate Judge Paul A. Zoss pursuant to 28 U.S.C. § 636(b)(1)(B) on May 31, 2002. In his Report and Recommendation filed September 11, 2002, Judge Zoss recommended granting respondent's "Motion to Dismiss as Untimely," denying Frazier's claims for relief, and entering judgment in favor of the respondent. Judge Zoss determined that, as to the AEDPA's statute of limitations, Frazier had until April 3, 1998, to file his petition for habeas relief, unless he had a pending post-conviction relief application that would have tolled the statute of limitations. Frazier did not have a pending post-conviction relief application at this time and the statute of limitations period was not tolled. Therefore, under 28 U.S.C. § 2244(d)(1)(A), Frazier's one-year limitations period would have run on April 3, 1998. *See* Report and Recommendation at 4.

Judge Zoss found that Frazier did not exercise due diligence, as required by 28 U.S.C. § 2244(d)(1)(D). Judge Zoss found that had Frazier exercised due diligence he would have known about the Freeman affidavit at least by a date shortly after the affidavit was signed, if not sooner. *See* Report and Recommendation at 7. The affidavit was signed on May 7, 1997. Frazier filed his post-conviction relief application based on this "new evidence" on June 8, 1998. Judge Zoss found that Frazier filed his post-conviction relief application over one year from the date his "new evidence" could have been discovered. Therefore, the one-year statute of limitations period began running on May 7, 1997, the date the Freeman affidavit was signed, and expired one year later on May 8, 1998. Judge Zoss found that Frazier failed to meet his burden of persuading the court that he was duly diligent as required by 28 U.S.C. 2244(d)(1)(D).

Judge Zoss recommended denial of Frazier's claims as to equitable tolling. Judge Zoss found that Frazier's claims that he was prevented from filing his petition sooner, "due to the lack of counsel and limited access to law books," did not constitute extraordinary circumstances sufficient to toll the AEDPA's statute of limitations. *See* Report and Recommendation at 4–6.

### 6. Frazier's objections to the report and recommendation

Frazier filed objections to the Report and Recommendation, through counsel, on October 25, 2002. Frazier made the following objections:

1. The Petitioner objects to the conclusion that the one (1) year statute would have expired on April 3, 1998 to file his habeas petition. *See* p. 4 of the Report and Recommendation. The Petitioner believes that the one (1) Statute of Repose did not begin to run until March 14, 2001. *See* Petitioner's Resistance to Motion to Dismiss p. 2–3. The Petitioner believes that the affidavit of Karen Freeman should be considered new and material facts that would predicate the running of the Statute of Repose.

2. In the event the Court finds that the one (1) year time period was properly

calculated, the Petitioner believes the Court should equitably toll the habeas corpus petition. The Report and Recommendation is clearly wrong in determining that in the exercise of reasonable diligence the Petitioner should have known of the Freeman affidavit at or near the time of its signing. *See* page 7 of Recommendation and Report. The Petitioner was already serving his sentence for his conviction at the time this affidavit was signed. The Petitioner represented himself in his PCR action. Thus, the delay in filing for this relief due to lack of legal training to understand the significance of the delay would not seem unreasonable. The Report and Recommendation did not cite to any 8th circuit authority that has held the statute began to run when he became aware of the significance of the document versus knowledge of it's existence. The Petitioner therefore believes the Court has the discretion to find that the equitable tolling exception should apply to these facts.

(Docket No. 30 at 1–2).

The court will now consider these objections.

## II. ANALYSIS

### A. Standard Of Review

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose,* 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert.* denied, 519 U.S. 860, 117 S.Ct. 164, 136 L.Ed.2d 107 (1996); *Grinder v. Gammon,* 73 F.3d 793, 795 (8th Cir.1996) (citing *Belk v. Purkett,* 15 F.3d 803, 815 (8th Cir.1994)); *Hudson v. Gammon,* 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell,* 31 F.3d 690, 692 (8th Cir.1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed). The court finds that *de novo* review is required in this case, at least as to those portions of the Report and Recommendation to which Frazier makes objections.

### B. Discussion

#### 1. Expiration of the statute of limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 imposed a one-year statute of limitations period on petitions for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254. The AEDPA was fully discussed in Judge Zoss's Report and Recommendation. *See* Report and Recommendation at 3–4. As to 28 U.S.C. § 2244(d)(1)(A),[4] Judge Zoss found

---

4. This section states in pertinent part:

A 1–year period of limitation shall apply to an application for a writ of habeas corpus

that Frazier's convictions were affirmed when the Iowa Supreme Court denied further review on January 3, 1997. Judge Zoss concluded that Frazier's statute of limitations period began to run on April 3, 1997, 90 days following entry of the January 3, 1997, order. As a consequence, Frazier had until April 3, 1998, to file his federal petition for *habeas* relief, unless he had a pending post-conviction relief application that would have tolled the statute of limitations period. Frazier filed his post-conviction relief application on June 8, 1998. This was approximately two months after April 3, 1998. Therefore, Judge Zoss found that, pursuant to 28 U.S.C. § 2244(d)(1)(A), Frazier's petition would fail because he did not have a pending post-conviction relief action that would toll the statute of limitations period. Frazier objects to this finding.

Frazier argues that under 28 U.S.C. § 2244(d)(1)(D),[5] the one-year statute of limitations period did not begin to run until March 14, 2001,[6] because he had filed his state post-conviction relief on June 8, 1998, within one year from discovering the factual predicate of his claim, and the statute of limitations period was tolled until his state remedies had been exhausted. Frazier argues that his *habeas corpus* petition, filed on February 15, 2002, was timely.

### a. One-year period of limitations pursuant to 28 U.S.C. § 2244(d)(1)(A)

The first issue before this court is whether Frazier's petition was timely pursuant to 28 U.S.C. § 2244(d)(1)(A). Frazier did not have either a pending state post-conviction relief action that would have tolled the running of the statute of limitations, or a federal *habeas* petition filed prior to the expiration of the one-year statute of limitations period. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), his federal *habeas* petition was not timely. Frazier's claim of timeliness fails under this section of the AEDPA.

### b. One-year period of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D)

The second issue before this court is whether Frazier's petition was timely pursuant to 28 U.S.C. § 2244(d)(1)(D). Pursuant to 28 U.S.C. § 2244(d)(1)(D) the period of limitations began to run from the date Frazier discovered the existence of the Freeman affidavit and was tolled when Frazier filed his post-conviction relief action in state court. The running of the period of limitations then resumed from the date the state's decision became final, until one year had expired. It appears that Frazier assumes that his one-year period of limitations includes only the time after March 14, 2001, because he conveniently fails to provide to this court any calculation of time between the date he

---

by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of -
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
28 U.S.C. § 2244(d)(1)(A).

**5.** This section of the AEDPA states in pertinent part:
A 1–year period of limitation shall apply to an application for a writ of habeas corpus

by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of -
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A).

**6.** In his objections Frazier correctly argues March 14, 2001, is the date of the final decision of the state court.

discovered the affidavit and the date when he filed his post-conviction relief action. This assumption is incorrect. Time is running from when the "new evidence" was discovered until the filing of the post-conviction relief action. Frazier does not get two one-year periods of limitations, i.e. one running from the date of discovery of the "new evidence" to the date he filed his state post-conviction relief action and one running from the date the state's decision became final until he filed his federal *habeas* petition. The period of limitation is tolled only after he files his post-conviction relief action. The time is running from the date he discovers the factual predicate, or by due diligence could have discovered explanation:

it, until he has a pending post-conviction relief action. The days are added together to calculate the one-year period of limitations. Therefore, approximately eleven months of his one-year period of limitations expired between March 14, 2001, the date his state post-conviction relief application became final, until February 15, 2002, the date his federal habeas petition was filed. To be within the statute of limitations Frazier would have to persuade this court that he did not discover the affidavit until May 8, 1998, approximately a full-year after it was signed.

***i. The chronology of events.*** The following chronology provides further explanation:

| One-year period of limitation under §2244(d)(1)(A) | April 3, 1997 | Date Frazier's conviction became final. |
| | May 7, 1997 | Date Freeman affidavit was signed. |
| | Unknown | Date Freeman affidavit was discovered. |
| | April 3, 1998 | Date statute of limitations expired § 2244(d)(1)(A). |
| One-year period of limitation under §2244(d)(1)(D) is running | | |
| | June 8, 1998 | Date post-conviction relief action filed. |
| Period of limitations tolled - state action pending | March 14, 2001 | Date of state's final decision |
| Period of limitations resumes - 11 months expire | February 15, 2002 | Date Frazier filed his federal petition. |

The burden is on Frazier to persuade the court that he timely filed his federal *habeas* petition within the one-year period of limitations or that there is a triable issue as to whether his petition was timely. This could easily have been done by providing to the court—either in his petition, his resistance, or his filed objections—the date he contends that he discovered the affidavit through the exercise of due diligence. Given the fact that 11 months expired between the date of the state's final

decision and when Frazier filed his federal *habeas* petition, Frazier would only have one month remaining at the "front end" before his federal petition was filed. He would have to persuade this court that he was duly diligent in discovering the existence of the "new evidence" and the "new evidence" was only discovered one month prior to filing his post-conviction relief action. Judge Zoss found that Frazier was not duly diligent and, pursuant to § 2244(d)(1)(D), his federal *habeas* petition should be dismissed as untimely. The court will now consider Frazier's objection to this finding.

■   ***ii. Due diligence.*** Counsel for Frazier objects to Judge Zoss's finding that he did not exercise due diligence and contends that in Judge Zoss's Report and Recommendation there is no citation to any Eighth Circuit authority that has held the statute of limitations period began to run when Frazier "became aware of the significance of the document versus knowledge of it's existence." The phrase "due diligence" is not defined anywhere in the AEDPA, but should be considered in light of the "totality of the circumstances" present including a petitioner's confinement in prison and any special restrictions that incarceration may impose. *Wims v. United States*, 225 F.3d 186, 190 (2nd Cir.2000); *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir.2000). However, petitioners who "sleep on their rights" do not demonstrate due diligence. *See Fisher v. Johnson*, 174 F.3d 710, 715 & n. 14 (5th Cir.1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001). In construing and applying this phrase, courts appear to require that the petitioner "show some kind of measure of prudence, activities or assiduity as may be properly expected from and ordinarily exercised by a reasonable and prudent person under the particular circumstances present." *Wims*, 225 F.3d at 189–91; *United States v. Zuno–Arce*, 25 F.Supp.2d

1087, 1097–98, 1110–13 (C.D.Cal.1998), *aff'd*, 209 F.3d 1095, 1098, 1102–03 (9th Cir.2000). The burden is on the petitioner to persuade the court that he has exercised due diligence. Judge Zoss found that the statute of limitations period began to run when Frazier knew of the affidavit and not when he recognized its legal significance. Although, Judge Zoss provided no Eighth Circuit authority, as pointed out by Frazier, it is logical that once Frazier discovered the existence of the "new evidence," it would have been reasonable and prudent for him to have obtained a copy of the affidavit in a timely manner. The court has read the affidavit and concludes that it should have been apparent to Frazier, on the face of the affidavit, that he should have filed a state post-conviction relief action immediately. This court is hard pressed to believe that Frazier could not have discovered the affidavit within a few months of its creation. Frazier would have to persuade this court that he discovered the affidavit on May 8, 1998, only one month prior to filing his state post-conviction relief application. And, as observed previously, Frazier allowed eleven months to expire between the time of the state court's final decision and the time he filed his federal *habeas* petition. He, therefore, had only one month left of his one-year limitations period to use at the "front end," before filing his federal petition. Frazier has failed to persuade the court he was "duly diligent," not just in discovering the "new evidence," but also in filing his state post-conviction relief action.

Additionally, Frazier argues that he was already serving his sentence at the time the affidavit was signed and that the "new evidence" would restart the one-year period of limitation from the date he reasonably could have discovered the evidence. This argument is not enough to save his petition. The court acknowledges that Frazier represented himself in his post-

conviction relief action, so that a delay in filing for relief due to lack of legal training to understand the significance of the delay would not be unreasonable. This court has observed before that incarceration "limits a prisoner's access to information, might impose practical impediments to discovery of predicate facts beyond those experienced by members of the general public," *Neuendorf v. Graves*, 110 F.Supp.2d 1144, 1154 (N.D.Iowa 2000). However, in a case such as this, the court is not convinced that the petitioner "*could not* have discovered the predicate facts on which the claims he actually asserted in his petition rely in time to file a timely petition for federal habeas relief." *Id.* at 1154 (citing *Fisher v. Johnson*, 174 F.3d 710, 715, n. 14 (5th Cir.1999)). Further, Frazier never identifies when or how he discovered his "new evidence," and his contention that he could not have discovered it sooner with due diligence is unsupported and conclusory. *See Neuendorf,* 110 F.Supp.2d at 1154. That said, this case is really not about "due diligence" in the discovery of the "new evidence;" rather it is about a petitioner who, under the AEDPA, had a one-year period of limitations and who allowed eleven of the twelve months to run between March 14, 2001, and February 15, 2002. This court is not persuaded that the petitioner, with due diligence, discovered his "new evidence" only one or two months prior to filing his post-conviction relief action and could not have discovered the "new evidence" sooner. In addition, if Frazier waited even 32 days after he discovered the "new evidence" his petition is untimely because eleven months of the limitations period ran after the termination of his state post-conviction relief proceeding.

Frazier has failed to meet his burden and the court is not persuaded he was duly diligent in filing his post-conviction relief action or his federal *habeas* petition. Accordingly, Frazier's objections to Judge Zoss's finding that he did not exercise due diligence is overruled.

### 2. *Equitable tolling of the statute of limitations*

■ "In the habeas context, equitable tolling is proper when 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time.'" *Paige v. United States*, 171 F.3d 559, 561 (8th Cir.1999) (quoted case omitted). Judge Zoss recommends denial of Frazier's claims because the extraordinary circumstances and "new evidence," as claimed by Frazier, are not the type of circumstances identified as "extraordinary" under Eighth Circuit law.

Frazier objects, arguing that his circumstances were extraordinary in that he was already serving his sentence, and that he lacked legal training to understand the significance of the delay. Frazier argues that he believes the court has the discretion to find that the equitable tolling exception should apply to these facts. The court agrees with Judge Zoss that the Eighth Circuit Court of Appeals would find that Frazier's circumstances do not constitute extraordinary circumstances sufficient to equitably toll the AEDPA's statute of limitations. (Docket No. 24, Report and Recommendation at 4–6) (citing *Jihad v. Hvass*, 267 F.3d 803, 806–07 (8th Cir.2001)). The Eighth Circuit has clearly stated,

There is no constitutional right to counsel in seeking state post-conviction relief, *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ... Thus, an unsuccessful search for counsel was not an extraordinary circumstance warranting equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir.), cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *Turner v. Johnson*, 177 F.3d

390, 392 (5th Cir.), cert. denied, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999); *cf. Paige v. United States,* 171 F.3d 559, 561 (8th Cir.1999). Likewise, lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling. *See Gassler,* 255 F.3d at 495. In sum, Jihad is not entitled to equitable tolling. His pre-filing efforts dealt with the kinds of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period. These were not extraordinary circumstances beyond Jihad's control, and the State did nothing to prevent him from taking more timely action.

*Jihad v. Hvass,* 267 F.3d 803, 806–07 (8th Cir.2001).

Thus, the Eighth Circuit Court of Appeals has expressly rejected the basis for equitable tolling asserted by Frazier. The court accepts Judge Zoss's recommendation to deny Frazier's claims for relief as to equitable tolling and overrules Frazier's objections.

### C. Certificate of Appealability

The United States Supreme Court has recently reiterated that a certificate of appealability will issue only if there is a question of "debatablity" regarding the resolution of the petition or the constitutionality of the claims presented:

> Under the controlling standard, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

*Miller–El v. Cockrell,* — U.S. ——, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) (citations omitted). When a federal *habe-*

*as* petition is dismissed on procedural grounds a certificate of appealability " 'should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurist of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Adams v. Ault,* 2001 WL 34008477, at *28 (N.D.Iowa Oct. 3, 2001)(unpublished)(citing *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In this case the court is invoking a procedural bar to dispose of Frazier's case. In such circumstances the court concludes that:

> [A] reasonable jurist could not conclude either that the district court erred in dismissing the petitioner or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted. In this case, this court has concluded that each of [Frazier's] claims ... is procedurally barred.

*Id.* at *29.

Since Frazier's claims are procedurally barred he must make a "substantial showing of 'cause and prejudice' to overcome the default." *Id.* at *29 (citing *United States v. Bailey,* 235 F.3d 1069, 1071 (8th Cir.2000)). Further, as recently discussed by the United States Supreme Court, there is no debatable issue in Frazier's case. With respect to Frazier's claims, the court finds he has made no such substantial showing and there is no debatable question as to this court's resolution of his case. The court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253.

### III. CONCLUSION

Accordingly, the court accepts the Report and Recommendation, overrules petitioner's objections, and sustains the Mo-

tion to Dismiss as Untimely. Pursuant to Judge Zoss's report and recommendation, the petition is **dismissed, and the court orders judgment be entered in favor of the respondent and against Frazier.** Furthermore, a certificate of appealability will not issue as to any claim for relief.

**IT IS SO ORDERED.**