**Paul Alywen REDD, Jr., Petitioner–
Appellant,**

v.

**Joe McGRATH, Respondent–Appellee.**

No. 02–16845.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2003.

Filed Sept. 11, 2003.

Michael R. Snedeker, Snedeker, Smith & Short, Portland, OR, for the petitioner-appellant.

Allen R. Crowne, Deputy Attorney General, San Francisco, CA, for the respondent-appellee.

Before HUG, JR., GIBSON * and FISHER, Circuit Judges.

## OPINION

FISHER, Circuit Judge.

Paul Alywen Redd, Jr., a California state prisoner serving an indeterminate

---

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the

life sentence for murder, appeals the judgment of the district court denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Redd's petition, which was filed on September 18, 2001, challenges the California Board of Prison Terms' determination that he was unsuitable for parole. The district court dismissed the petition as untimely under AEDPA's one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1), which the court held began to run on December 8, 1998, the day after the California Board of Prison Terms ("Board") denied Redd's administrative appeal. Redd contends on appeal before this court that his petition was timely filed because AEDPA's statute of limitations did not begin running until January 19, 2001, at the completion of state habeas review.

We agree with the district court that 28 U.S.C. § 2244(d)(1)(D) applies to Redd's petition and that the limitations period began to run when the Board denied his administrative appeal. Because Redd did not file his federal habeas petition until nearly four months after the statute of limitations expired, his petition is untimely and must be dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

■ In 1976, Redd was convicted of murder in California state court and was sentenced to a prison term of seven years to life under California's Indeterminate Sentencing Law.[1] On May 5, 1998, the Board held a hearing to determine Redd's suitability for parole. At the hearing, Redd presented declarations from friends, family members, potential employers and psychological experts in support of his parole application. He also argued that under the Board's own rules, an inmate with his record should have served less than the two decades he had already spent in prison. In a decision effective June 17, 1998, the Board found Redd unsuitable for parole.

Redd filed an administrative appeal, asserting that the Board had violated its own rules as well as Redd's state and federal constitutional rights in denying him parole. The Board denied Redd's appeal on December 7, 1998.

■ California does not provide for direct judicial review of Board decisions, so a state prisoner can challenge the denial of parole in state court only collaterally by means of a state habeas corpus petition. *In re Sturm,* 11 Cal.3d 258, 113 Cal.Rptr. 361, 521 P.2d 97, 104 (1974). Redd filed a state habeas petition in superior court on August 9, 1999. Following the denial of that petition, Redd filed another habeas petition in the California Court of Appeal.[2] That petition was also unsuccessful, and

Eighth Circuit, sitting by designation.

1. Under California's Indeterminate Sentencing Law, which remained in effect until 1977, the Board (formerly the California Adult Authority) would determine a prisoner's specific sentence, within limits set by law. A judge would sentence a convicted criminal to the minimum and maximum sentences prescribed by the criminal statutes then in effect—in this case seven years to life for murder—but the Board would administratively determine the length of time the prisoner would actually serve. *See Guzman v. Morris,* 644 F.2d 1295, 1296 (9th Cir.1981).

2. In California, the state supreme court, intermediate courts of appeal and superior courts all have original habeas corpus jurisdiction. *Nino v. Galaza* 183 F.3d 1003, 1006 n. 2 (9th Cir.1999). Although a superior court order denying habeas corpus relief is nonappealable, a state prisoner may file a new habeas corpus petition in the court of appeal. *Id.* If the court of appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *Id.* at 1006 n. 3.

Redd then filed a final state habeas petition in the California Supreme Court. That petition too was denied on December 20, 2000, in a decision that became effective on January 19, 2001.[3]

Redd filed his federal habeas petition on September 18, 2001, asserting among other things that the Board's determination that he was unsuitable for parole violated due process of law. The district court, acting on the state's motion, dismissed the petition as untimely under the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). The court held that under § 2244(d)(1)(D), the limitations period began to run when "the factual predicate" of Redd's habeas claims "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The district court reasoned that the factual predicate of Redd's claims was the Board's denial of Redd's administrative appeal on December 7, 1998, and that the limitations period began to run on the following day. *See Patterson v. Stewart*, 251 F.3d 1243, 1244–46 (9th Cir.2001) (holding that Federal Rule of Civil Procedure 6(a), the general rule for counting time in federal courts, applies to the calculation of AEDPA's one-year limitations period). After taking statutory tolling into account, the court determined that Redd had filed his federal habeas petition approximately four months

after the limitations period expired. Redd filed a timely appeal.

### STANDARD OF REVIEW

■ We review de novo the dismissal of a state prisoner's federal habeas corpus petition on statute-of-limitations grounds. *Malcom v. Payne*, 281 F.3d 951, 955–56 (9th Cir.2002).

### DISCUSSION

We must determine when AEDPA's one-year limitations period began to run for Redd's federal habeas petition and whether Redd filed his petition before the limitations period expired.[4]

### I.

■ Section 2244 provides in relevant part:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . . or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3. "Rule 24 of the California Rules of Court provides that '[a] decision of the Supreme Court becomes final 30 days after filing.' Under Rule 24, a denial of a habeas petition within the California Supreme Court's original jurisdiction is not final for 30 days (and therefore is subject to further action during that time)." *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001) (per curiam).

4. AEDPA's one-year statute of limitations applies to "an application for writ of habeas corpus *by a person in custody pursuant to the judgment of a State court.*" 28 U.S.C.

§ 2244(d)(1) (emphasis added). Before the district court and in his appellate briefs, Redd argued that AEDPA's statute of limitations did not apply to his petition because he is in custody pursuant to the decision of an executive agency, the state parole board, rather than pursuant to the judgment of a state court. However, Redd conceded at oral argument that AEDPA's one-year statute of limitations applies to his petition. We therefore need not address this issue and assume that AEDPA's one-year statute of limitation applies here.

28 U.S.C. § 2244.[5] The one-year limitations period, however, is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." *Id.* § 2244(d)(2). The limitations period is also subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Stillman v. LaMarque,* 319 F.3d 1199, 1202 (9th Cir.2003) (internal quotation marks omitted).

The district court held, and the state argues on appeal, that subparagraph (D) applies and that the "factual predicate" of Redd's habeas claims—and thus the triggering event for the limitations period— was the Board's denial of Redd's administrative appeal on December 7, 1998.[6] Redd does not dispute that if the limitations period began to run from that date, his petition is untimely. Redd contends, however, that the limitations period did not begin to run until January 19, 2001, the effective date of the California Supreme Court's denial of state habeas relief, and that his petition is timely because he filed it on September 18, 2001, less than a year later. It is unclear whether Redd is arguing for application of subparagraph (A) or subparagraph (D), and thus we consider both.

### 1. Subparagraph (A)

■ The district court reasoned that subparagraph (A) does not apply because

"[t]he word 'judgment' as used in [ (A)] evidently refers back to the phrase 'judgment of a State court' in the first line of 2244(d)(1)," rather than to an administrative decision. The Fourth and Fifth Circuits have reached the same conclusion. *See Wade v. Robinson,* 327 F.3d 328, 332 (4th Cir.2003) ("Subparagraph (A), referencing 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review,' plainly references 'the judgment' referred to in the preceding subpart (1)—that is, the state court judgment pursuant to which the petitioner is in custody."); *Kimbrell v. Cockrell,* 311 F.3d 361, 364 (5th Cir.2002) ("Subsection (A) ties the date of filing expressly to the state court judgment pursuant to which a prisoner is in custody. This reference, and the further reference to direct appellate review, unmistakably concern only the judgment of conviction and cannot be expanded to include an administrative ruling determining the manner in which the sentence will be carried out."). We agree that the word "judgment" in subparagraph (A) refers to the judgment of conviction and sentence and that the words "direct review" refer to the direct appellate review of that judgment. We therefore reject Redd's apparent argument that "judgment" refers to the Board's denial of Redd's administrative appeal and that "direct review" refers to state collateral review.[7] Accordingly, we hold that

---

**5.** We agree with the parties that subparagraphs (B) and (C) do not apply to Redd's circumstances.

**6.** At oral argument, the state changed the position it had taken in its brief and argued that the factual predicate for Redd's habeas claims was the Board's initial denial of parole, rather than the Board's denial of Redd's administrative appeal. The state waived this argument by failing to raise it in the court

below or in its appellate brief. *See Stivers v. Pierce,* 71 F.3d 732, 740 n. 5 (9th Cir.1995).

**7.** One federal court has held that the decision of a state parole board is a final judgment within the meaning of subparagraph (A) if the state provides no direct review of the parole board's decision. *See Smith v. Angelone,* 73 F.Supp.2d 612, 615 (E.D.Va.1999). Because we read "judgment" to mean the "judgment of a State court" referred to in § 2244(d)(1),

subparagraph (A) is inapplicable to Redd's petition.

### 2. Subparagraph (D)

■ As noted above, the district court held that the factual predicate of Redd's habeas claims was the Board's denial of Redd's administrative appeal. Redd contends, however, that the factual predicate of his habeas claims was the California Supreme Court's denial of his state habeas petition.[8] Redd argues that the limitations period should only begin to run after state habeas proceedings are complete because under AEDPA's exhaustion requirement, see § 2254(b)-(c), that is when a state prisoner challenging a parole decision is first eligible to file a federal habeas petition. We reject Redd's argument because the date of the "factual predicate" for Redd's claim under § 2244(d)(1)(D) is not dependent on when Redd complied with AEDPA's exhaustion requirement. Rather, it is determined independently of the exhaustion requirement by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence. We agree with the district court that the factual basis of Redd's habeas claims was the Board's denial of his administrative appeal on December 7, 1998. Redd does not dispute that he received notice of the Board's decision on December 7. The limitations period therefore began to run the following day.

■ Redd is correct that under AEDPA's exhaustion requirement, see § 2254(b)-(c), a prisoner challenging a parole decision is first eligible to file a federal habeas petition only after state habeas proceedings are complete. Before state prisoners can file a federal habeas petition, they "must give the state courts one full opportunity to resolve any constitutional [claims] by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Because California does not provide for direct appellate review of parole board decisions, state habeas review is the first and only opportunity the California state courts have to hear a prisoner's constitutional claims. State prisoners challenging parole board decisions must therefore exhaust state habeas relief before they file a federal habeas petition. Redd is thus also correct that starting the limitations period on the day his administrative appeal was denied would mean that the limitations period was running at a time when he was procedurally barred from filing a federal habeas petition.

We are sympathetic to the concern that under our construction of § 2244(d)(1)(D) the statute of limitations began running at a time when Redd could not have presented his claim in federal court because the claim had not yet been exhausted. As the Supreme Court has repeatedly recognized,

we disagree with this interpretation of subparagraph (A).

**8.** Redd argues at one point that subparagraph (D) does not apply to his petition because it was intended "to cover situations where new facts, i.e., a DNA test not previously capable of being done, are unearthed after normal judicial proceedings have concluded, and to insure that these facts are presented to the court with reasonable diligence." Redd, however, fails to point to any evidence of legislative intent, and we decline to give sub-

paragraph (D) such a narrow reading. We note that four federal courts of appeals have held that subparagraph (D) applies beyond the newly discovered evidence context to habeas petitions challenging the decisions of administrative bodies such as parole and disciplinary boards. See Wade, 327 F.3d at 332 (4th Cir.); Cook v. New York State Div. of Parole, 321 F.3d 274, 280 (2d Cir.2003); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir.2003); Kimbrell, 311 F.3d at 364 (5th Cir.).

"[u]nless Congress has told us otherwise in the legislation at issue, a cause of action does not become 'complete and present' for limitations purposes until the plaintiff can file suit and obtain relief." *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997); *see also Reiter v. Cooper*, 507 U.S. 258, 267, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993) ("While it is theoretically possible for a statute to create a cause of action that accrues at one time for the purpose of calculating when the statute of limitations begins to run, but at another time for the purpose of bringing suit, we will not infer such an odd result in the absence of any such indication in the statute.").

■ AEDPA nonetheless clearly contemplates that for habeas claims falling under § 2244(d)(1)(D), the statute of limitations will begin to run before exhaustion of state remedies and thus before the federal petition can be filed. Habeas claims based on newly discovered evidence bear this out. For a prisoner who has already sought direct review of his conviction and who later seeks to bring a new claim challenging that conviction based on newly discovered evidence, the limitations period begins to run when the prisoner could have discovered the new evidence through the exercise of due diligence. *See Hasan v. Galaza*, 254 F.3d 1150, 1152–54 (9th Cir.2001) (noting with respect to an ineffective assistance of counsel claim based on newly discovered evidence that the statute of limitations began to run when the evidence could have been discovered through the exercise of due diligence). However, under AEDPA's exhaustion requirement, the petitioner must fully present his claim based on newly discovered evidence to the state courts before he can file a federal habeas petition. *See* § 2254(b)-(c); *Luna v. Cambra*, 306 F.3d 954, 965 (9th Cir. 2002), *as amended*, 311 F.3d 928 (9th Cir. 2002). The limitations period is tolled, however, under § 2244(d)(2) while the prisoner's claim based on newly discovered evidence is pending in state court. Thus, for claims based on newly discovered evidence, the limitations period begins to run when the new evidence should have been discovered through the exercise of due diligence until the prisoner files a petition for state collateral review. The prisoner's federal petition based on that claim becomes ripe for filing once the state courts have completed a full round of collateral review. Our interpretation of § 2244(d)(1)(D) therefore treats prisoners like Redd who challenge parole decisions no differently from other habeas prisoners whose petitions fall within the scope of § 2244(d)(1)(D).[9]

Redd contends that starting the limitations period as soon as the administrative decision becomes final will violate the principle of federalism by forcing California prisoners to bring their state habeas

---

**9.** A recent district court decision illustrates how the exhaustion requirement, statute of limitations and statutory tolling provision interact with respect to federal habeas petitions raising a claim of newly discovered evidence. *See Frazier v. Rogerson*, 248 F.Supp.2d 825, 831–32 (N.D.Iowa 2003). After his conviction for burglary became final upon the completion for direct review, Frazier filed a state application for post-conviction relief based on "new evidence," including an affidavit from one Karen Freeman indicating that another person had committed the crime. The court held that under § 2244(d)(1)(D), "the period of limitations began to run from the date Frazier discovered the existence of the Freeman affidavit and was tolled when Frazier filed his post-conviction relief action in state court. The running of the period of limitation then resumed from the date the state's [post-conviction] decision became final, [on March 14, 2001,] until one year had expired." *Id.* at 831. The court rejected Frazier's claim that the limitations period began running only at the completion of state post-conviction review, on March 14, 2001. *Id.*

claims as quickly as possible even though California has decided to place no time limit on the filing of a state habeas petition. Redd cites no authority in support of this argument, and we find it to be without merit. Tying the limitations period to the date a parole board's decision becomes final would not interfere with California's state court procedures for determining whether state habeas petitions are timely filed. We recognize, as the Tenth Circuit did in a similar case, "that, as a federal statute that interacts with state procedural rules, § 2244(d) will sometimes force a state prisoner to act expeditiously to preserve his federal claims despite the procedural lenience of state law, which may forgive substantial delay." *Burger*, 317 F.3d at 1138 (holding that under § 2244(d)(1)(D) the limitations period did not begin to run until the prisoner learned of the parole board's decision postponing his parole hearing).[10] This is especially true in the present case, just as it was in *Burger* because "the State provides no time limit for filing an initial habeas petition." *Id.* "Nevertheless, Congress did not draft the federal limitations period to begin running only at the end of a particular state's exhaustion process. Instead, the statute is clear that the limitations period starts from the latest of four specific dates, but that the period may be tolled once the state court exhaustion process has begun." *Id.*

Thus, the date of the "factual predicate" for Redd's claim under § 2244(d)(1)(D) is not determined by asking when Redd satisfied AEDPA's exhaustion requirement; rather, it is determined independently of the exhaustion requirement by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence. This occurred when the Board denied Redd's administrative appeal on December 7, 1998. Consequently, the limitations period began to run on the following day. *See Patterson*, 251 F.3d at 1244–46.

We note that in addition to the Tenth Circuit, two other federal courts of appeals have also held that for prisoners challenging administrative decisions such as the denial of parole or the revocation of good time credits, AEDPA's statute of limitations begins running under § 2244(d)(1)(D) on the date the administrative decision became final. *See Wade*, 327 F.3d at 333 (4th Cir.) (holding that the limitations period began to run when the prisoner's "parole revocation became final"); *Cook*, 321 F.3d at 280 (2d Cir.) (same).[11]

We do not think it unduly burdensome to require state prisoners challenging parole board decisions to file state habeas petitions expeditiously if they wish to preserve the option of federal habeas review. Once they file their state habeas petitions, they get the benefit of statutory tolling until state habeas review is complete. The more quickly they file their state habeas petitions, the longer they will have to file their federal petitions once state habeas review has been completed. For example, a prisoner who waits eight months before filing a state habeas petition will have four months after state habeas review to file his federal petition, whereas a prisoner who waits only two months before filing a state

---

**10.** It is unclear from the *Burger* decision whether the prisoner in that case pursued administrative remedies or whether such remedies were even available. *See id.* at 1135, 1138. We assume that the Oklahoma parole board's decision postponing Burger's parole hearing was a final administrative decision.

**11.** The Fifth Circuit has held that the limitations period begins to run even earlier, when the initial administrative decision is made, before any administrative appeals. *Kimbrell*, 311 F.3d at 363–64. For the reason stated earlier we decline to adopt this approach. *See* note 6, *supra*.

habeas petition will have 10 months' leeway to file his federal petition. If a prisoner can show that extraordinary circumstances beyond his control, such as the wrongful conduct of government officials, made it impossible for him to file his petition on time, he may be entitled to equitable tolling. *See Stillman,* 319 F.3d at 1202.

We conclude, therefore, that subparagraph (D) applies and that the limitations period began to run on December 8, 1998, the day after the Board denied Redd's administrative appeal.

## II.

We must now determine whether the limitations period expired before Redd filed his federal habeas petition on September 18, 2001. A total of 244 days elapsed between December 8, 1998 and August 9, 1999, when Redd filed his state habeas petition. Redd has not argued for equitable tolling during this interval. The limitations period was then statutorily tolled from August 9, 1999, until January 19, 2001, while Redd's state habeas petition was pending. The limitations period resumed running on January 20, 2001, and another 242 days passed before Redd filed his federal habeas petition on September 18, 2001. Redd has not argued for equitable tolling during this interval either. Thus, a total of 486 days passed between the denial of Redd's administrative appeal and the filing of his federal habeas petition, well in excess of the 365 days allowable.[12] We therefore affirm the judgment of the district court dismissing Redd's petition as untimely.

## CONCLUSION

AEDPA's one-year statute of limitations began to run when the Board denied

Redd's administrative appeal. Because Redd did not file his federal habeas petition until nearly four months after the limitations period had expired, even taking into account applicable tolling provisions, his petition is untimely and must be dismissed.

**AFFIRMED.**

---

12. The limitations period expired on May 20, 2001, some four months before Redd filed his federal habeas petition.