Orlando B. **ROBERTS**, Petitioner–Appellant,

v.

Thomas **VAUGHN**, Warden;  et al., Respondents–Appellees.

No. 04–56675.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 18, 2006.

Orlando B. Roberts, Blythe, CA, pro se.

J. Conrad Schroeder, Los Angeles, CA, for Respondents–Appellees.

Before: T.G. NELSON, W. FLETCHER and RAWLINSON, Circuit Judges.

MEMORANDUM **

California state prisoner Orlando B. Roberts appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Roberts contends that the California Board of Parole violated his rights by failing to apply the procedures of the now-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

repealed indeterminate sentencing law to his parole proceedings. Roberts contends that the district court erred by dismissing his petition because he is challenging the 1998 and 2002 denials of parole, and was unaware that the parole board was not applying the indeterminate sentencing procedure until the time of those proceedings. We conclude that the district court correctly found that the factual predicate for the claims should have been known to Roberts at his first parole hearing in 1982. *See Redd v. McGrath,* 343 F.3d 1077, 1082 (9th Cir.2003) ("limitations period begins to run when the new evidence should have been discovered through the exercise of due diligence"). Furthermore, we conclude that Roberts has not shown that he has been disadvantaged by the application of the determinate sentencing law. *See Connor v. Estelle,* 981 F.2d 1032, 1033–34 (9th Cir.1992) (per curiam). Accordingly, we affirm.

**AFFIRMED.**