**Marion Franklyn MILLER, Jr.,**
**Petitioner–Appellant,**

v.

**WARDEN OF AVENAL STATE**
**PRISON, Respondent–**
**Appellee.**

**No. 05–56932.**

United States Court of Appeals,
Ninth Circuit.

cation and is not precedent except as provid-

Submitted Aug. 13, 2007.*

Filed Aug. 21, 2007.

Marion Franklyn Miller, Jr., Avenal, CA, pro se.

James Conrad Schroeder, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

---

ed by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, to the extent Miller requests oral argument, the request is denied.

MEMORANDUM **

California state prisoner Marion Franklyn Miller, Jr. appeals from the district court's judgment denying as untimely his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's untimeliness decision, *see Redd v. McGrath,* 343 F.3d 1077, 1080 (9th Cir. 2003), and we affirm.

Respondent contends that this court lacks jurisdiction because Miller did not obtain a Certificate of Appealability. This contention is foreclosed by *Rosas v. Nielsen,* 428 F.3d 1229, 1231–32 (9th Cir.2005) (per curiam).

Miller contends the issues raised in respondent's answering brief were waived because the brief was untimely filed. We disagree, because the docket reflects that respondent obtained an extension of time to file the brief, and mailed the brief before the extended deadline date. *See* Fed. R.App. P. 25(a).

Miller also contends the district court erred by denying as untimely his § 2254 petition. We disagree. The one-year limitations period began to run on the date Miller discovered the factual predicate for his claim, in other words, the date his administrative appeal was denied. *See* 28 U.S.C. § 2244(d)(1)(D); *Redd,* 343 F.3d at 1082. The limitations period was tolled while Miller's state habeas petition was pending in state court. *See* 28 U.S.C. § 2244(d)(2). Even if we give Miller the benefit of the doubt as to the date he claims to have submitted his § 2254 petition to prison officials, that date falls sev-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

eral months after the one-year limitations period had expired. Accordingly, the district court properly denied Miller's § 2254 petition as time-barred.

**AFFIRMED.**