**Robert C. WATSON, Petitioner—Appellant,**

v.

**Jeanne S. WOODFORD, Director, Respondent—Appellee.**

No. 06–55155.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2007.*

Filed Sept. 10, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

---

Robert C. Watson, Blythe, CA, pro se.

Attorney General for the State of California, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Robert C. Watson, a California prisoner, appeals pro se from the district court's dismissal as untimely of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253, and we review de novo the dismissal on statute of limitations grounds. *See Shelby v. Bartlett,* 391 F.3d 1061, 1063 (9th Cir. 2004). Because the petition was filed late and because Watson has not shown extraordinary circumstances justifying equitable tolling, we affirm.

We reject the state's argument that we do not have jurisdiction to hear this appeal because Watson did not file a notice of appeal in district court. Watson filed an application for a certificate of appeal (COA) in this court, which was referred back to district court to be treated as a notice of appeal. This court issued an order on April 16, 2007, construing the COA application as a notice of appeal, and deeming it to be timely filed. We thus have already determined that Watson filed a timely notice of appeal in district court. We also note that we have held that a COA is not required for us to have jurisdiction over a state habeas petition challenging, as Watson's does, an administrative decision to deny parole. *See Rosas v. Nielsen,* 428 F.3d 1229, 1232 (9th Cir.2005) (per curiam). The state's argument to the contrary is foreclosed.

The one-year statute of limitations in 28 U.S.C. § 2244(d)(1) applies to habeas petitions challenging state administrative decisions. *See Shelby,* 391 F.3d at 1063; *Redd v. McGrath,* 343 F.3d 1077, 1084–85 (9th Cir.2003) (parole board decision). The limitations period began to run October 10, 2001, the day after Watson received notice that the administrative decision became

ed by 9th Cir. R. 36–3.

final when the California Board of Prison Terms denied his appeal. *See Redd,* 343 F.3d at 1082. Watson filed his petition more than three years later, on December 13, 2004. The statute is tolled during the periods when Watson's state habeas petition was pending, but even given such tolling, Watson's federal petition was filed almost a year too late.

"If a prisoner can show that extraordinary circumstances beyond his control, such as the wrongful conduct of government officials, made it impossible for him to file his petition on time, he may be entitled to equitable tolling." *Id.* at 1085. Watson argues that he is entitled to equitable tolling because prison officials and policies "impeded my access to the courts" by limiting the law library schedule, and allowing his rotation schedule and staff and other conflicts to further reduce his access to the library. He does not detail when and how he individually was actually unable to use the library. He does identify a delay by prison officials in processing his court papers in 2004, and a forty-eight day mailroom delay in 2005. These delays, however, occurred after the statute of limitations already had run in 2003, and we need not consider whether they were extraordinary circumstances justifying equitable tolling. Watson's habeas petition was untimely.

AFFIRMED.