Pierce HILL, Petitioner–Appellant,

v.

**A.P. KANE, Chief Deputy, Respondent–Appellee.**

No. 06–15700.

United States Court of Appeals, Ninth Circuit.

---

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Pierce Hill, Soledad, CA, pro se.

Denise Alayne Yates, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

California state prisoner Pierce Hill appeals pro se from the district court's judgment dismissing as untimely his petition under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Hill contends that the district court erred by dismissing his petition as untimely pursuant to the one-year limitations period provided in 28 U.S.C. § 2244(d)(1). We disagree. Hill's petition challenges the Board of Parole Hearings' ("Board") alleged failure to provide him with a serious offender hearing pursuant to the requirements of California Penal Code § 1170.2. Because Hill's petition challenges alleged inaction by an administrative agency, the limitations period began running on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D); *Redd v. McGrath*, 343 F.3d 1077, 1084–85 (9th Cir.2003).

Hill claims the Board failed to act in 1978, but he first raised the instant challenge in a state habeas petition filed in 2003. Even accepting Hill's claim that he lacked access to relevant library materials through August 1989, we conclude that, under any definition of due diligence, Hill should have discovered his claim prior to April 24, 1997, the date the limitations period expired. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001).

The arguments Hill raises for the first time on appeal as to why the one-year limitations period should not apply are without merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

