Revised January 2, 2001

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-20296
_____

RONALD LYNN WADSWORTH,

                                        Petitioner-Appellee,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

December 28, 2000

Before BARKSDALE, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Ronald Lynn Wadsworth pled guilty to theft and conspiracy to commit robbery in Dallas County, Texas. The 292d District Court of Dallas County, Texas imposed two concurrent sentences of 40 years imprisonment. While incarcerated at the Wynne Unit, which is located within the jurisdiction of the United States District Court for the Southern District of Texas, Wadsworth was

disciplined for possessing a large quantity of tobacco products. As punishment, Wadsworth received 30 days recreation restriction, 30 days commissary restriction, and 30 days cell restriction; his custody classification was reduced from S3 to L1; and he lost 365 days of good time credit.

Wadsworth sought habeas corpus relief, under 28 U.S.C. § 2254, in the United States District Court for the Southern District of Texas. Wadsworth challenged the constitutionality of the prison disciplinary hearing, alleging that the following infirmities occurred: (1) the disciplinary charge was not prosecuted within the time allowed by the prison's administrative rules; (2) there was no evidence presented at the disciplinary hearing to support the charge; (3) he was denied the opportunity to confront or to question his accuser; (4) the hearing officer failed to recuse himself even though he was involved in the initial investigation of the alleged offense; (5) the charging officer submitted a falsified charging instrument; and (6) the hearing officer altered the audio-taped record of the hearing. At the time of his application, Wadsworth was incarcerated in the Hughes Unit, which is located within the jurisdiction of the United States District Court for the Western District of Texas.

In response to the magistrate judge's order to "file an answer or other pleading," Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division ("the Director") filed a motion to dismiss the habeas application for lack of jurisdiction. The Director argued that 28 U.S.C. § 2241(d) denied the Southern District of Texas jurisdiction to hear the application because neither the location of Wadsworth's state conviction and sentence nor Wadsworth's current place of confinement fell within the Southern District. The district court rejected the Director's contentions on the grounds that the disciplinary hearing constituted a "conviction and sentence" which occurred within the Southern District for the purposes of jurisdiction. After concluding that it had jurisdiction, the district court accepted Wadsworth's allegations as true because the Director failed to answer the

petition on the merits and found that Wadsworth had been denied due process. The court ordered that the writ of habeas corpus be issued directing the restoration of the lost good time credit and the reinstatement of Wadsworth to "S3" status if the Director failed to voluntarily comply with the order within 90 days. The Director filed a Fed. R. Civ. P. 59(e) motion to alter or amend the court's judgment. Following the district court's denial of this motion, the Director filed a timely notice of appeal.

On appeal, the Director renews his contention that the district court lacked jurisdiction under § 2241(d). Second, the Director asserts that district court entered an impermissible default judgment due to the Director's failure to answer Wadsworth's claim on the merits.[1] Third, the Director challenges the district court's grant of relief on the merits. We must first address the question of the district court's jurisdiction to hear Wadsworth's petition.

We review *de novo* the district court's determination of its jurisdiction. *Lara v. Trominski*, 216 F.3d 487, 491 (5th Cir. 2000); *see also Royal v. Tombone*, 141 F.3d 596, 599 (5th Cir. 1998) (reviewing a district court's determinations of law *de novo*).

Section 2254 confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments. *See* 28 U.S.C. § 2254. Section 2241 "specifies the court in which the petition must be brought." *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991). For those prisoners confined pursuant to a judgment and sentence by a state court in a state with more than one federal judicial district, like Wadsworth, § 2241(d) sets forth the district courts in which the petitioner may file his habeas application:

---

[1] While we do not reach this issue, we question whether the district court can circumvent Fed. R. Civ. P. 12(b), which provides that the party must make its motion for lack of jurisdiction before pleading, and enter a default judgment.

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

At the time of his application, Wadsworth was confined in the Hughes Unit, located within the Western District of Texas. As a result, § 2241(d) permitted him to file his application for a writ of habeas corpus in the Western District. Similarly, his state court conviction and sentence took place in Dallas County, Texas, which is in the Northern District of Texas. Therefore, he could have filed his habeas application in the Northern District. Wadsworth, however, filed for the writ in the Southern District of Texas, within which the disciplinary hearing took place. It is a matter of first impression in our Circuit whether the district court, pursuant to § 2241(d), had jurisdiction to hear a claim that attacked only a disciplinary proceeding occurring within its district when neither the place of the initial state court conviction and sentence nor current place of incarceration are within its district.

On appeal, the Director argues that the Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID") is not a state court. Thus, regardless of whether a disciplinary proceeding and subsequent punishment could be considered a conviction and sentence, a state court did not impose them. Therefore, the Southern District lacked jurisdiction to hear the petitioner's habeas application. We agree.

In *Story v. Collins*, 920 F.2d 1247 (5th Cir. 1991), we addressed whether a prisoner needed to file a habeas petition for his challenge to the denial of his application for good time credit

separately from the petition he filed attacking the underlying state judgment. In reaching our conclusion that the prisoner need not file a separate petition, we found that the "[TDCJ-ID] was not a state court." *Story*, 920 F.2d at 1251. Section 2241(d) expressly provides for district court jurisdiction when the *state court* imposing conviction and sentence is located within that federal judicial district. Because the TDCJ-ID is not a state court, its actions cannot be the basis for jurisdiction under § 2241(d).

Wadsworth argues that *Story* is inapposite because the TDCJ-ID acted in a substantially different capacity in *Story* than it acted in the case at bar. Wadsworth contends that in *Story* the TDCJ-ID merely applied a state statute to deny the petitioner eligibility for good conduct time. In contrast, in this case, the TDCJ-ID conducted a hearing and imposed punishment. Thus, according to Wadsworth, we should view the latter as a state court conviction and sentence. We disagree. Our finding in *Story* that the TDCJ-ID was not a state court was not predicated upon the action taken by the TDCJ-ID but simply upon the fact that it was not a state court. *See Story*, 920 F.2d at 1251.

Even if the TDCJ-ID cannot be considered a state court, Wadsworth argues that a district court needs only the capacity to serve process on the custodian in order to assert jurisdiction. In tendering this argument, Wadsworth relies principally upon *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

In *Braden*, the Supreme Court addressed whether a district court in one state could have jurisdiction over a prisoner in custody in another state where that prisoner challenged a detainer issued in the first state. In reaching its conclusion that the prisoner could attack the interstate detainer in a district court located within the state issuing the detainer, though the prisoner was confined in another state, the Supreme Court looked to the text of 28 U.S.C. § 2241(a). The Court noted that

on its face, § 2241(a)

> requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim...even if the prisoner himself is confined outside the court's territorial jurisdiction. 410 U.S. at 495, 93 S.Ct. at 1130.

The Court then used traditional venue principles to reach its conclusion that it could not "assume that Congress intended to require the Commonwealth of Kentucky to defend its action in a distant State and to preclude resolution of the dispute by a federal judge familiar with the laws and practices of Kentucky." *See id.* at 499, 1132. Wadsworth seeks support from this interpretation of § 2241(a) and the Court's reliance on venue principles for his contention that the Southern District had jurisdiction.

The case now before us bears important distinctions from *Braden*. First, despite the broad language construing § 2241(a), *Braden* presented the Supreme Court with a situation that none of the more specific subsections of § 2241 addressed, *i.e.*, interstate detainer. *See United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1130 n.11 (2d Cir. 1974) ("In *Braden* – since the case involved the problem of interstate detainer – there was no applicable venue statute"). In stark contrast, the case at bar falls directly within § 2241(d). Wadsworth is a prisoner pursuant to a state court judgment and sentence. He is currently confined within that state, which has more than one federal judicial district. He challenges a disciplinary hearing occurring while in the custody of the state which entered the judgment against him.

Second, because *Braden* concerned a situation which did not fall under § 2241(d), it is not only factually distinct, but the Court's decision also understandably offers little discussion of that subsection. The Court touched upon § 2241(d) only as a part of its survey of the developments in habeas jurisdiction. In doing so, the Court did no more than reiterate the plain language of the

section — "a prisoner contesting a conviction and sentence of a state court of a State which contains two or more federal judicial districts, who is confined in a district within the State other than that in which the sentencing court is located, has the option of seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located." *Braden*, 410 U.S. at 497, 93 S.Ct. at 1131. While the Court went on to note the congressional intent behind the enactment of § 2241(d) and other alterations to habeas jurisdiction, the Court offered no other discussion of § 2241(d). *See* 410 U.S. at 497, 93 S.Ct. at 1130 (noting that "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located near the site of the underlying controversy").

Applying *Braden* in the fashion suggested by Wadsworth would have another untenable consequence. Were we to accept Wadsworth's application of the supposition that a district court needs only personal jurisdiction over the custodian for a situation like his, where § 2241(d) would otherwise apply, this broad reading of § 2241(a) would trump the more specific § 2241(d). Thus, § 2241(d) would be unnecessary. As a matter of statutory interpretation, we do not read one section so as to render another related section superfluous. *See Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 876, 111 S.Ct. 2631, 2638, 115 L.Ed.2d 764 (1991) ("Our cases consistently have expressed a deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment") (citations omitted). In short, we find Wadsworth's *Braden*-based arguments unavailing.

Because we find that the district court lacked jurisdiction to hear Wadsworth's application, we do not address the remaining questions presented in this appeal.

For the foregoing reasons, we VACATE the district court's judgment and DISMISS the

petition for lack of jurisdiction.