**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 01-10046**
_____


**EDWIN EARL KIMBRELL,**

                                        **Petitioner-Appellant,**

                        **versus**

**JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,**

                                        **Respondent-Appellee.**

_____

Appeal from the United States District Court
for the Northern District of Texas
Civil Docket #00-CV-221

_____

October 24, 2002

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

        This court granted COA to review whether (1) the AEDPA one-year limitation period (28 U.S.C. § 2244(d)(1)) applies to § 2254 petitions contesting the outcome of prison disciplinary proceedings; and (2) if so, when that period began to run in this case. 28 U.S.C. § 2253(c)(2). Finding no error in the district court's reasoning, we affirm.

Although we have not previously decided these precise issues, this court has clearly held that when a prisoner is eligible for mandatory supervised release, and when prison disciplinary proceedings result in a change in good-time earning status that extends the prisoner's release date, the prisoner's petition challenging such proceedings falls within § 2254. Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000); Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000); Story v. Collins, 920 F.2d 1247, 1250 (5th Cir. 1991). These decisions rest ultimately on the Supreme Court's holding in Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973), that authorized § 2254 as the sole remedy for a prisoner's challenge to revocation of good-time credits.

It would seem a straightforward progression from those decisions to the application of AEDPA's one-year limitation period for filing § 2254 petitions in federal court, but according to Kimbrell, the language of the statute intrudes. The limitation provision, 28 U.S.C. § 2244(d)(1), provides:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of seeking direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

2

> United States is removed, if the applicant was prevented from filing by such State action;

> \* \* \* \* \*

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Kimbrell argues that the terms "judgment" and "State court" in the introductory phrase modify and condition the applicability of the succeeding subsections. Since two of the decisions cited above hold that, "The TDC is not a state court, and the application of good conduct time is not a judgment,"[1] Kimbrell concludes that § 2244(d)(1) does not apply to his case, and AEDPA thus contains no limitation period for actions challenging good-time revocation. The Seventh Circuit recently adopted this view. Cox v. McBride, 299 F.3d 492 (7th Cir. 2002).

We admire Kimbrell's creativity but disagree with his analysis. Story and Wadsworth discussed whether prison disciplinary proceedings resulted in a "judgment" of a "state court" for narrow procedural purposes. In Story, the precise issue was whether, under the pre-AEDPA Federal Rules Governing Section 2254 cases, the petitioner had to file one or two petitions in order to challenge the merits of his conviction as well as the loss of good conduct credits. We said no. Story, 920 F.2d at 1250. In Wadsworth, the court had to determine which federal

---

[1] See Story, 920 F.2d at 1251; Wadsworth, 235 F.3d at 962.

3

district court – that of conviction, of incarceration, or of the disciplinary hearing – had jurisdiction over a § 2254 petition attacking the disciplinary proceeding's outcome. This court rejected the district where the hearing occurred, since the prison disciplinary board was not a state court and its decision not a judgment thereof. Wadsworth, 235 F.3d at 960.

Despite their superficial support for Kimbrell's position, these decisions are actually consonant with the understanding that a § 2254 petition contesting revocation of good-time credits represents a subset of § 2254 actions that may be filed concerning a prisoner's confinement. Thus, in Story, a conviction and associated disciplinary proceeding merited one consolidated § 2254 petition. In Wadsworth, the locale of the original conviction or of ongoing incarceration maintained jurisdiction to review the constitutionality of the result of the disciplinary proceedings. Neither case treats the disciplinary proceeding in such a way as to give it special or unusual procedural recognition.

The language of § 2244(d)(1) is also easily applied across-the-board to petitions attacking the prisoner's conviction as well as the calculation of time served. The objects of both petitions are the same: a shorter confinement pursuant to the original judgment. The provision accordingly limits the period for filing any § 2254 writ application by a "person in custody pursuant to the judgment of a State court". Since Kimbrell's custody arises

4

from such a judgment, and a favorable outcome for him in this disciplinary case would affect the time served under that judgment, Section 2244(d)(1) literally applies.[2]

The next question is how to apply the one-year limitation in this case. The district court calculated the commencement of the one-year period from the date of Kimbrell's disciplinary hearing on December 2, 1998. This was correct. Under 28 U.S.C. § 2244(d)(1)(D), the one-year period commences when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Kimbrell knew he was deprived of several thousand days good-time credit, for possessing paraphernalia that could be used to escape, when the hearing was held on December 2, 1998. His federal petition was filed in November, 2000, nearly two years later. While the timely pendency of prison grievance procedures would have tolled the one-year period, Kimbrell did not institute them until more than a year after the disciplinary hearing.

Kimbrell contends that, if § 2244(d)(1) applies, then subsection (A) should determine the commencement date of the limitation period. As a result, his federal petition would have

---

[2]The Seventh Circuit's contrary decision turned on a more radical distinction between disciplinary proceedings and state court judgments than this and other courts have drawn. McBride was based on that court's earlier decision in Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000), which held, unlike this court, that no COA is required for a person who wishes to challenge a prison disciplinary proceeding.

been timely filed within one year of his completing the prison's administrative review process for the disciplinary proceeding.[3] We reject this argument. Subsection (A) ties the date of filing expressly to the state court judgment pursuant to which a prisoner is in custody. This reference, and the further reference to direct appellate review, unmistakably concern only the judgment of conviction and cannot be expanded to include an administrative ruling determining the manner in which the sentence will be carried out.[4]

For the foregoing reasons, the judgment of the district court dismissing Kimbrell's petition as time-barred is thus **AFFIRMED**.

---

[3]Ordinarily, prison regulations require a prisoner to seek administrative review of an adverse disciplinary action within 15 days of the initial decision, and if that appeal is denied, to file a Step 2 Appeal within 15 days. TDCJ Admin. Dir. 03.82 and TDCJ Board Policy 03.77. Kimbrell's appeal, however, was heard on its merits even though he sought administrative review some fourteen months after the initial decision.

[4]No other subdivision of § 2244(d)(1) even arguably applies in this case.