United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 29, 2004**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 03-30479

---

JESUS CARMONA,

Petitioner-Appellant,

VERSUS

O. KENT ANDREWS,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Middle District of Louisiana
m 02-CV-558

---

Before JONES, MAGILL,[*] and SMITH,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Jesus Carmona challenges the dismissal, for want of jurisdiction, of his petition for writ of

---

[*] Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

habeas corpus. Concluding that there is no jurisdiction in the district *a quo*, we affirm and remand, so that Carmona may elect to transfer his action to another district.

I.

In 1984, in a state court located in the Eastern District of Louisiana, Carmona was convicted of armed robbery and received a twenty-five-year sentence. In 1996, he was released on parole *via* good-time credits. In

2000, the Louisiana Board of Parole revoked Carmona's parole. While imprisoned in the Western District of Louisiana, Carmona filed, in the Eastern District, a federal habeas challenge pursuant to 28 U.S.C. § 2254 naming, as respondent, the warden of the prison in which he was confined.

A judge of the Eastern District determined that venue for Carmona's challenge properly rested in the Middle District of Louisiana. That judge looked to 28 U.S.C. § 2241(d)[1] and decided that the Board of Parole had "convicted" and "sentenced" Carmona. Because the Board is located in the Middle District, the Eastern District judge referred the matter to that district.

A judge of the Middle District then dismissed Carmona's petition, without prejudice, for failing to exhaust state remedies; Carmona moved to vacate the dismissal. The Middle District judge decided that that court did not have jurisdiction because the Board of Parole is not a "State court" as mentioned in § 2241. Consequently, the matter was transferred to the Eastern District, where a judge promptly returned the matter to the Middle District, afterSSonce againSSequating a parole board with a state court, whereupon the judge in the Middle District, pursuant to a magistrate judge's recommendation, dismissed the petition, without prejudice, based on Carmona's lack of subject matter jurisdiction.

Carmona promptly moved to vacate that dismissal and appealed the denial of that motion. The Middle District judge granted a certificate of appealability ("COA") on the issue "of which court has jurisdiction when a petitioner is reincarcerated for violation of parole terms and is neither convicted nor incarcerated in the judicial district where the revocation occurred." We now review the Middle District's dismissal.

II.

The instant appeal focuses entirely on the power of the Middle District to hear Carmona's § 2254 claim, so we do not address the merits of the case. We review *de novo* a dismissal for lack of subject matter jurisdiction. *See, e.g.*, *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001). Additionally, "'The issue of subject matter jurisdiction is subject to plenary review by an appellate court.'" *Lincoln v. Case*, 340 F.3d 283, 287 (5th Cir. 2003) (quoting *Julian v. City of Houston*, 314 F.3d 721, 725 (5th Cir. 2002)). Determining whether the Middle District can entertain Carmona's appeal turns on (1) the interaction between §§ 2254 and 2241 and (2) whether the Board of Parole operates as a state court.

A.

Section 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).[2] "Sec

---

[1] 28 U.S.C. § 2241(d) states:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . .

[2] *See* 28 U.S.C. § 2254(a) (stating that federal courts "shall entertain an application for a writ of habeas corpus [from one] in custody pursuant to
(continued...)

2

tion 2241 'specifies the court in which [the petition] must be brought.'" *Id*. (quoting *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991)). *See* 28 U.S.C. § 2241(a) (stating that federal courts may issue writs of habeas corpus "within their respective jurisdictions"). The "respective jurisdictions" language presumably limits the general habeas power contained in § 2254.

Although the Supreme Court has discussed subject matter jurisdiction in § 2254 challenges, such a discussion does not apply to the case at hand. In ruling that a district court could hear a habeas challenge from a person imprisoned in another state, the Court opined that "[s]o long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' . . . even if the prisoner himself is confined outside the court's territorial jurisdiction." *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 495 (1973) (quoting § 2241(a)).

In *Wadsworth*, 235 F.3d at 962, we rejected the notion that "a district court needs only the capacity to serve process on the custodian in order to assert jurisdiction." Two of *Wadsworth*'s justifications for this conclusion apply to Carmona's situation. First, "*Braden* presented the Supreme Court with a situation that none of the more specific subsections of § 2241 addressed." *Id*. at 962-63. In *Braden*, the Court was presented with a question of interstate detainerSSan issue that § 2241 does not cover. Carmona, like Wadsworth, "is a prisoner pursuant to a state court judgment and sentence. He is currently confined within

that state, which has more than one federal judicial district." *Id*. at 963.[3]

Secondly, as the *Wadsworth* panel noted, reading *Braden* as a broad grant of subject matter jurisdiction would run against a common doctrine of statutory construction. "This broad reading of § 2241(a) would trump the more specific § 2241(d). Thus, § 2241(d) would be unnecessary." *Wadsworth*, 235 F.3d at 963. Numerous panels of this court have articulated the canon of construction that states that a more specific provision controls a more general provision.[4]

Accordingly, as *Wadsworth* noted, *Braden* does not invalidate the statutory regime established by §§ 2254 and 2241. Though a petitioner may have a broad right to file a habeas petition, he may do so only in a limited number of courts. Carmona falls perfectly within the circumstances mentioned in § 2241(d). Thus, the language of that section determines the appropriate district(s) in which Carmona may file his petition.

B.

Section 2241(d) lists two districts in which

---

[2](...continued)
the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States.").

[3] *See also Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991) (rejecting claim that a District of Columbia district court could hear a federal habeas petition and stating the petitioner "was tried and sentenced in Texas; he is confined in Texas.").

[4] *See, e.g., United States v. John*, 309 F.3d 298, 302 n.5 (5th Cir. 2002) ("a principle of statutory construction provides that a specific provision takes precedence over a more general one."); *Kirby Corp. v. Pena*, 109 F.3d 258, 270 (5th Cir. 1997) ("It is a well-known canon of statutory construction that a specific statutory provision governs the general.").

a habeas petitioner may file: "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." The Eastern District has asserted that the Board of Parole constitutes a "State court" that "convicted and sentenced" Carmona.

Both assumptions are misplaced. First, within Louisiana, the Board of Parole does not function as a state court. From an institutional perspective, the legislature created the body, and the governor appoints its members. LA. R.S. 15:574.2(A)(1) ("A board of parole . . . is hereby created in the Department of Public Safety and Corrections. It shall consist of seven members appointed by the governor."). One may easily contrast the method of selection for the members of the Board of Parole with the electoral process that produces members of the Louisiana state judiciary. LA. CONST. art. V, § 22(A) ("Except as otherwise provided in this Section, all judges shall be elected.").

Additionally, this court has explicitly looked to the underlying nature of a correctional entity and has determined that such a body is not a state court. *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991). In *Story*, the panel stated that the Texas Department of Corrections ("TDC") "is not a state court." *Id*. The Louisiana Board of Parole is part of the Department of Public Safety and Corrections, a Louisiana entity analogous to the TDC.[5] Consequently, the Board is not a

state court for purposes of § 2241(d).[6]

Furthermore, the Board neither "convicted" nor "sentenced" Carmona. It can only implement policies as directed by the legislature or the courts. The Orleans Criminal District Court originally sentenced Carmona. The Louisiana legislature passed the relevant statutes that detailed the granting and revocation of parole. LA. R.S. 15:571.13; LA. R.S. 15:571.3. In revoking Carmona's parole, the Board of Parole only re-instituted the trial court's original sentence. Consequently, the Board sentenced Carmona to nothing new, and he received no new sentence, but merely lost the good-time credits offered under LA. R.S. 15:571.3.[7]

---

[5] (...continued) the [TCD] is not a state court, its actions cannot be the basis for jurisdiction under § 2241(d).").

[6] The Eastern District cited a Supreme Court case and several of this court's opinions to argue that, for purposes of § 2241, a parole board should be treated as a state court. The Eastern District's cases, however, relate not to the issue involved in this matter, but to immunity under 42 U.S.C. § 1983.

[7] Additionally, this court's language does not connect parole revocation with sentencing or with conviction. Parole is "revoked." *See, e.g.*, *Alexander v. Cockrell*, 294 F.3d 626, 630 (5th Cir. 2002) (noting that "the State sought to revoke Alexander's parole"); *Barnes v. Johnson*, 184 F.3d 451, 453 (5th Cir. 1999) (stating that "the State of Texas moved to revoke Barnes's parole"). Parole boards neither convict nor sentence. Panels that have discussed parole boards and sentencing treat the sentencing as an act separate from a board's consideration of a particular case. *See, e.g.*, *Jones v. Jones*, 163 F.3d 285, 292 (5th Cir. 1998) (detailing the Board's limited power to consider a case (continued...)

---

[5] Although this statement did not occur in the context of a § 2241(d) analysis, the *Wadsworth* panel applied such a statement to the consideration of venue. *Wadsworth*, 235 F.3d at 962 ("Because (continued...)

### III.

In summary, because the Louisiana Board of Parole does not act as a state court and neither sentences nor convicts, Carmona cannot file a § 2254 petition in the Middle District of Louisiana. Although § 2254 provides general subject matter jurisdiction for habeas petitions, § 2241(d) gives Carmona two choices. He may file in the Western District (the place of his incarceration) or in the Eastern District (the place of his original conviction and sentence).

The judgment of dismissal is AFFIRMED, and this matter is REMANDED with instruction to transfer this matter to the Western or Eastern District of Louisiana if Carmona elects to pursue his claim in either of those forums.

---

[7](...continued)
until a life sentence was commuted to a more definite duration).