United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30767
Summary Calendar
_____

STEVEN GALLAGHER,

Petitioner-Appellant,

versus

EDGAR C. DAY, JR.,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(03-CV-516-D)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Steven Gallagher ("Gallagher") appeals the district court's dismissal for lack of jurisdiction of his 28 U.S.C. § 2254 petition in which he challenged the Louisiana Department of Public Safety and Corrections's ("LDPSC") refusal to allow him to earn good-time credits. Gallagher originally filed his habeas petition in the Eastern District of Louisiana, which transferred it to the Middle District of Louisiana based on the LDPSC's geographical location in the transferee district. In turn, the transferee district dismissed Gallagher's petition for lack of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction because he had neither been convicted and sentenced nor incarcerated there. Gallagher argues on appeal that the Middle District of Louisiana was correct in its jurisdictional ruling and that his 28 U.S.C. § 2254 petition should be heard in the Eastern District of Louisiana where he had filed it in the first place. We agree.

A prisoner may bring a 28 U.S.C. § 2254 petition in either the district where he is confined or the district where the state court that convicted and sentenced him is located. See 28 U.S.C. § 2241(d); Carmona v. Andrews, 357 F.3d 535, 537-38 (5th Cir. 2004). The LDPSC is not a state court, either administratively or for the purposes of 28 U.S.C. § 2241(d). See LA. REV. STAT. ANN. § 36:401; Carmona, 357 F.3d at 538. As Gallagher was convicted and sentenced in a state court located in the Eastern District of Louisiana and is incarcerated in a state facility likewise located in that district, the Eastern District of Louisiana is the only court with jurisdiction to hear his 28 U.S.C. § 2254 petition. See id. at 537-39. Accordingly, the judgment of dismissal is affirmed and the case is remanded to the Middle District of Louisiana with instructions to transfer it back to the Eastern District of Louisiana.

DISMISSAL AFFIRMED; CASE REMANDED with instructions.