CARLTON, J.,
dissenting:
¶28. I respectfully dissent from the majority. I would reverse the trial court’s affirmance of the decision of the interim conservator of the Jefferson Davis County Public School District (“the District”), and would remand Mark and Laura Fails’s request for a school transfer for their daughter, Courtney, back to the District for disposition by the proper authority, the State Board of Education.
¶ 29. A review of the record shows that after the Governor declared a state of emergency in the District, the State Board of Education appointed an interim conservator for the District. The record reflects that the interim conservator then implemented a new student transfer policy, that had been previously adopted by the Jefferson Davis County Public School Board (“the Board”), which revoked all prior school transfers, including Courtney’s previously granted transfer to the Lamar County Public School District, and prevented any future transfers from being granted. The record further shows that Mark appeared before the Board and requested a reconsideration of the denial of Courtney’s transfer, but the interim conservator refused to allow the Board to consider his request. The record indicates that, practically speaking, the interim conservator’s decision, which denied consideration of Courtney’s school transfer request, forced Courtney to attend a school in a school district operating under a state of emergency.
¶ 30. Mississippi Code Annotated sections 37 — 17—6(ll)(b) and (c) (Supp.2010) speak directly to the authority of the State Board of Education after it has been determined that an emergency situation exists in a school district that is detrimental to the interests of the children attending school in the district. Sections 37-17-6(ll)(b) and (c) provide the following in pertinent part:
(b) If the State Board of Education and the Commission on School Accreditation determine that an extreme emergency situation exists in a school district that jeopardizes the safety, security or educational interests of the children enrolled in the schools in that district and that emergency situation is believed to be related to a serious violation or violations of accreditation standards or state or federal law, or when a school district meets the State Board of Education’s definition of a failing school district for two (2) consecutive full school years, the State Board of Education may request the Governor to declare a state of emer *8 gency in that school district. For purposes of this paragraph, the declarations of a state of emergency shall not be limited to those instances when a school district’s impairments are related to a lack of financial resources, but also shall include serious failure to meet minimum academic standards, as evidenced by a continued pattern of poor student performance.
(c) Whenever the Governor declares a state of emergency in a school district in response to a request made under paragraph (a) or (b) of this subsection, the State Board of Education may take one or more of the following actions:
[[Image here]]
(iii) Assign an interim conservator, or in its discretion, contract with a private entity with experience in the academic, finance and other operational functions of schools and school districts, who will have those powers and duties prescribed in subsection (14) of this section;
(iv) Grant transfers to students who attend this school district so that they may attend other accredited schools or districts in a manner that is not in violation of state or federal law[. ]
(Emphasis added).
¶ 31. While the trial judge relies upon Mississippi Code Annotated sections 37-17-6(14)(a) (Supp.2010) and 37-15-31 (Rev. 2007) to support his finding that substantial evidence existed to support the interim conservator’s decision to prohibit a vote on the-Fails’s request for a school transfer, I find that these statutory provisions are inapplicable to the present case. These statutes provide no authority to a district’s conservator to deny a student’s request for a school transfer out of a failing school district to an accredited school district, and as stated previously herein, section 37-17-6(ll)(c)(iv) specifically places that authority with the State Board of Education.[2] Furthermore, I find that the statutory provisions cited by the majority[3] may be waived by the State Board of Education when the Governor declares a state of emergency in the school district in which the child attends, and the State Board of Education may grant the request for a school transfer so that the child can attend a school in an accredited district.[4] See section 37 — 17—6(11) (c) (iv) (authorizing the State Board of Education to grant school transfers when the Governor declares a state of emergency in a school district).
¶ 32. I recognize that this Court applies the same standard of review that the chancery and circuit courts are bound by when considering agency actions. Pub. Employees’ Ret. Sys. v. Marquez, 774 So.2d 421, *9 429 (¶ 32) (Miss.2000) (citing Miss. Comm’n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993)). A circuit court sitting as an appellate court reviews a decision of a county school board to determine whether or not the action of the school hoard was arbitrary and capricious, unreasonable, or constituted an abuse of discretion. Pascagoula, 776 So.2d at 684-85 (¶ 5) (citations omitted). See Uniform Rule of Circuit and County Court 5.03. In applying this standard of review to the case at hand, I find that the interim conservator failed to comply with his statutory authority during a declared state of emergency, see sections 37 — 17—6(ll)(b) and (c)(iv); therefore, his actions were arbitrary and capricious, and constituted an abuse of discretion. See Pascagoula, 776 So.2d at 685 (¶ 5). I further find that the trial judge in the present case misapprehended the law by basing his finding on statutory provisions that are inapplicable to the present case, and by failing to apply the statutory provisions that specifically pertain to the State Board of Education’s authority to grant a request for a transfer from a school district operating under a state of emergency to an accredited school district. As such, I would reverse the trial court and remand this ease to the District, or to the interim conservator, if the District is still operating under a state of emergency, for appropriate consideration and submission to the State Board of Education for a decision in accordance with section 37-17-6(ll)(c)(iv).
BARNES, J., JOINS THIS OPINION.

. I pause to note that the Fifth Circuit has held that, when applying fundamental principles of statutory construction, specific statutory provisions control over general provisions absent clear legislative intent to the contrary. See Carmona v. Andrews, 357 F.3d 535, 538 (5th Cir.2004); Ehm v. Nat'l R.R. Passenger Corp., 732 F.2d 1250, 1253 (5th Cir.1984).

. Miss.Code Ann. §§ 37-15-29 (Supp.2010) and 37-15-3 l(Rev.2007).

. I recognize that the statutory provisions cited by the majority do apply to school districts that have not been declared by the Governor to exist in a state of emergency. However, I also recognize that the Mississippi Supreme Court has held in cases pertaining to school transfers in such situations, that a valid reason is required to support a denial of a school transfer in such situations, otherwise the decision is arbitrary and capricious and lacks substantial evidence. See Pascagoula Mun. Sch. Dist. v. Barton, 776 So.2d 683, 688 (¶ 16) (Miss.2001) (finding that a proper reason was required to support the denial of a student's request to be transferred to her sibling’s school, even though no statutory provisions or school transfer policy existed guaranteeing sibling assignments, and no state of emergency had been declared in the school district).