# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2015

Lyle W. Cayce
Clerk

No. 14-50443

CAROL JOHNENE MORRIS,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; MAJOR DONNA KAZMIERCZAK,,

Respondents-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:14-CV-26

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM: [*]

Carol Johnene Morris, Texas prisoner # 1681899, filed in the district court a petition pursuant to 28 U.S.C. § 2254, in which she raised the following claims: (1) that the 20-year enhancement to her state prison sentence violates her due process rights, the Double Jeopardy clause, the Equal Protection clause, and that the sentence constitutes cruel and unusual punishment; (2) that she is entitled to pre-sentence jail credit; and (3) that a disciplinary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearing conducted on March 25, 2014, violated her procedural and due process rights. The district court determined that two of her claims were identical to those raised in another § 2254 petition, which was then still pending, and therefore dismissed the two claims as duplicative, relying on provisions of the Prisoner Litigation Reform Act (PLRA). The district court dismissed Morris's remaining claim for want of jurisdiction, concluding it had no jurisdiction to entertain her claim. The district court, which is in the Midland Odessa Division of the Western District of Texas, reasoned that since Morris is "complaining about her incarceration and disciplinary matters arising therefrom," and since she is currently incarcerated in Gatesville, Texas, jurisdiction to hear her claim properly resided with the Waco Division of the Western District of Texas.

Morris seeks a certificate of appealability (COA) to appeal the district court's dismissal of her 28 U.S.C. § 2254 habeas petition. She also requests leave to proceed IFP. This court may issue a COA only if Morris has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court has denied habeas relief on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Morris does not address the district court's determination that part of her § 2254 petition was duplicative of another pending § 2254 petition. By failing to address the district court's procedural ruling with respect to these claims, Morris has abandoned them. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). We note that the district court's order dismissing Morris's

claims as duplicative relied on, *inter alia*, 28 U.S.C. § 1915A(b) and § 1915(e)(2) of the PLRA. However, because Morris filed under § 2254, she was not subject to the provisions of the PLRA. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (holding that provisions of the PLRA of § 1915 do not apply to actions filed under § 2254). Nevertheless, the district court had the authority to dismiss her claims as duplicative of claims presented in a prior § 2254 application. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *see also Slack*, 529 U.S. at 478 ("Federal courts . . . retain broad powers to prevent duplicative or unnecessary litigation."). In any case, because Morris has not addressed the basis for the district court's dismissal of her § 2254 petition as duplicative, she has abandoned any challenge thereto. *See Hughes*, 191 F.3d at 613. Thus, she has failed to show that jurists of reason would find it debatable whether the district court correctly dismissed her § 2254 petition, in part, as duplicative. *Slack*, 529 U.S. at 484.

Morris also challenges the district court's ruling that it lacked jurisdiction to entertain her claim regarding a prison disciplinary hearing. She contends that jurisdiction was proper. Here, Morris is correct. Pursuant to 28 U.S.C. § 2241(d), when a prisoner is in custody under the judgment of a state court of a state that contains two or more federal districts, she may file her habeas application "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [her] and each of such district courts shall have concurrent jurisdiction to entertain the application." *See also Carmona v. Andrews*, 357 F.3d 535, 537-38 (5th Cir. 2004). This jurisdiction provision governs § 2254 applications challenging both convictions and

disciplinary proceedings. *See Wadsworth v. Johnson*, 235 F.3d 959, 960-63 (5th Cir. 2000). Thus, jurisdiction for claims challenging disciplinary proceedings is premised on the place of custody. *See* § 2241(d); *Carmona*, 357 F.3d at 537-38; *Wadsworth*, 235 F.3d at 960-93. Morris is confined to a state facility in Gatesville, Texas, which is in Coryell County, in the Western District of Texas. *See* 28 U.S.C. § 124(d)(2). Although her place of confinement is in the Waco Division, jurisdiction was nevertheless proper in the division in which Morris filed her § 2254 petition because the Midland Odessa Division is in the Western District of Texas. *See* § 124(d)(4); § 2241(d). In light of the foregoing, Morris has demonstrated that reasonable jurists would find the district court's procedural ruling to be debatable or incorrect. *See Slack*, 529 U.S. at 484.

Our review of the pleadings, record, and COA application satisfy us that reasonable jurists would also debate whether Morris has stated a valid constitutional claim regarding the March 25, 2014, disciplinary proceedings. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). Therefore, Morris has satisfied the requirements for a COA. *See Slack*, 529 U.S. at 484.

In light of the foregoing, IT IS ORDERED that Morris's motion for a COA is DENIED in part and GRANTED in part. As further briefing is unnecessary, the district court's order dismissing Morris's § 2254 application is VACATED in part, and this matter is REMANDED for further proceedings not inconsistent herewith. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). Morris's IFP motion is GRANTED.