NO. WR-79,171-05

79,171-05

IN THE COURT OF CRIMINAL APPEALS
AUSTIN TEXAS, U.S.A

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 22 2015
Abel Acosta, Clerk

REYNALDO FLORES
  Plaintiff, Complainant

VS.

THE STATE OF TEXAS
  Defendant,

IN REPLY TO DENIAL OF WRIT OF HABEAS
CORPUS WITHOUT WRITTEN ORDER.
[ WITH AUTHORITIES ]

TO THE COURT OF CRIMINAL APPEALS OF TEXAS, U.S.
SUPREME COURT AND INTERNATIONAL COURT OF HUMAN
RIGHTS, THE HAAG, NETHERLANDS:

Now Comes REYNALDO FLORES, Political Prisoner, victim of International and Domestic Terrorism, Currently Kidnapped and tortured in the Texas Department of Criminal Justice, in retaliation for the un-expected acquittal to the fabricated charges of Aggravated Kidnapping and Double Jeopardy Charge of Sexual Assault. Plaintiff-Complainant, files the foregoing Reply and Complaint and in support thereof would Show as follow:

I

Plaintiff-Complainant, REYNALDO FLORES, was Kid-napped at Gun Point, on December 29 2011, following

a False Police Report Written by the Well Known Sex Offender S.A.P. Officer R. VARA and Criminal Partner VALADEZ R.; See FLORES V. S.A.P.D. et al. U.S. Court of Appeals 5th Cir. NO. 14-50061, In Certiorary

## II

Mr. FLORES, was confined, tortured and poisoned in the Bexar County Adult Detention Center, in San Antonio, Texas, While being Coerced to Sign a 30 Years Conviction. For eleven (11) months, in Complete disregard for his due process of law and Exclusionary Rule. e.g., Gerstein V. Pugh, 420 U.S. 103, 113 (1975) If detainer Sought, Must have probable cause hearing Within 48 hours. See Fed. R. Crim. Proc. 5 (g); ART. IV The Convention Against torture, and Universal Declaration of Human Rights.

## III

The Record in FLORES V. SAN ANTONIO POLICE DEPARTMENT Supra, reflects, that following the Premeditated Kidnapping the Sex offender S.A.P. officer R. VARA, received Several Sexual favors from the alleged Victim of Aggravated Kidnapping, following the embezzlement of his assets, from Mr. FLORES' dwelling and Commercial Property. Fed. R. Crim. Proc. #1 (F) requires an officer to Prepare an inventory of the items Seized and, upon Completion of the Search, to give the Person, from whom the Property was taken, a Copy of the Warrant and a receipt for the Property taken.

The State of Texas Willfully Concealed the Police Report, Page 5 of 9, which Clearly describes the manner how the alleged victim tried to kill, Mr. FLORES, their Children, and Several drivers, in a Congested Hwy, While driving 60 MPH and the ability to avoid a fatality on Christmas eve, 2011.

The Record in 2012 CR 1969, also reflects; the extra ordinary, manner, how Mr. FLORES, exposed before an ignorant Pre-Selected Jury trial and tax payers; the

2

the customary mockery-scheme and deceiving manner to obtain draconian convictions, by any mean or brutality and deception. Mr. FLORES was wrongfully convicted to serve 10 years in prison to the III Count to the Double Jeopardy Indictment in a clear EXPOST FACTO Conviction, Prohibit by Art. I §§ 9, 10 of the U.S. Constitution, 5th an 14th Amendments U.S.C.A.; ART. 11 Section 2 of the Universal Declaration of Human Rights and supposedly by ART. I Section 14 of the Texas Constitution. Regardless the concealed police report and threatened witnesses would demonstrate that the real offenders are the false witnesses, supoenaed to testify against Mr. FLORES. (MAYRA R. SANCHEZ and EDWARD GARCIA)

In a gained Pro Se representation, pursuant the holding, Faretta V. California, 422 U.S. 806, 821 (1975). Mr. FLORES legally defeated the State of Texas by breaking several reversal constitutional errors, in both Appellant's Brief and Reply to State's Brief, pursuant to Rule 44.2 of Texas Rules of Appellate Procedure, raising the undeniable Double Jeopardy Conviction, quoting Mo. V. Hunter, 459 U.S. 359, 365 (1983) quoting; N.C., V. Pearce, 395 U.S. 711, 719-20 (1969) See also, Blackburger V. U.S. 284 U.S. 299, 301 (1932); See also U.S. V. Dixon, 509 U.S. 688, 700-05 (1993)

The Fourth Court of Appeals and defendant Justice PATRICIA O. ALVAREZ, had to conceal, the Reply to State's Brief in 04-12-00815-CR, to justify her constitutional MANDATE OPINION, affirming the EXPost Facto and Double Jeopardy Conviction; allegedly rendered on June 15, and June 25, 2014. No evidence has been provided by defendant ALVAREZ or the Clerk of Said Court To prove, the trasmittion of Said MANDATE OPINION, Until September 9, 2014. For which Mr. FLORES, timely filed his Motion For Extension of Time to File Petition For Discretionary Review, which was maliciously denied on October 10, 2014, by the Texas Court of Criminal Appeals of Texas; knowingly that the tolling provision allows Mr. FLORES, the Filing of Said Motion or P.D.R.

3

The Record in the Texas Department of Criminal Justice, reflects that Mr. Flores, was being tortured, Punished in a metal cage, without ventilation with temperatures over 100 degrees, without access to legal material or Law Library, from June 26 to July 23 2014, and remain in administrative Segregation until this date.

However Mr. Flores, timely filed his Petition for Discretionary Review No. PD-1362-14, which was ignored by the Texas Court of Criminal Appeals. See Smith V. Johnson, 216 F.3d 521, 523 (5th Cir. 2000) Untimely Notice of Appeal by Prose Prisoner Liberally Construed as timely. U.S. V. Harrington, 410 F.3d 598, 599-600 (9th Cir. 2005) Court did not abuse discretion by accepting Prose Petitioner's untimely motion for New Trial filed within 2 years Limit. See Fed. R. App. Proc. 4 (c) (1).

In Houston V. Lack, 487 U.S. 266, 275-76 (1988) the Supreme Court held that Prisoner's notice deemed filed Upon delivery to Prison officials because of Peculiar obstacles of Prose defendants.

## IV

The Continuous and Customary Mockery to Mr. Flores rights ~~in a tampered Writ of Habeas Corpus~~ is evident in a Prose Writ of Habeas Corpus, raising among other grounds; Exclusionary Rule Violation, due Process Violation Double Jeopardy and ExPost facto Clauses Violation, ineffective assistance of Counsel, Cruel and Unusual Punishment, Conspiracy against rights and International and Domestic Terrorism as Provides 18 U.S.C. § 2331.

The trial Court tampered Said Writ and in complete disregard for the Record, fabricated a different Writ on the State's behalf. For which Mr. Flores, timely filed his Motion for leave to file Evidentiary Hearing which was maliciously denied on April 4 2015, with the evil intent to avoid any Preservation of error and Cross

4

Examination of the Insane alleged Victim, MAYRA RUBIO SANCHEZ, her multiple Sexual Partners and the Schemer-Racketeer Prosecutor, CHRISTOPHER W. DEMARTINO, who for any reason would be able to be humiliated, by third time and be exposed as a terrorist, due to the endless list of Victims incarcerated in Vindictive Prosecutions, in the Same Court room and thousand of orphan children, claiming Justice, as Mr. FLORES discovered on his Journey in Texas Prisons and reported to Human Rights Organization.

Due to the imminent customary outcome of Prose-Writs, before Texas Courts, Mr. FLORES, Furnish the Texas Court of Criminal Appeals, a Portion of the Record marked as R.R. Vol. I, Pages 38-40 in Order to show the Undeniable Cahoot between the State, Trial Counsels and magistrates. For Obvious reasons and flagrant Cahoot with the Offenders in FLORES V. T.D.C.J. et al 2:14-CV-283, Renumbered-Styled and Transferred to the U.S.D.C., W-D, TX NO 5:15-CV-222-XR JWP. FLORES V. R. VARA, Said Court On May 6, 2015, transmitted to Mr. FLORES, the customary denial without written Order of the Tampered Writ of Habeas Corpus.

## CUSTOM AND POLICY

On P.D.R. NO. 1362-14 [included in the Appendix in Writ of Certiorari and Complaint before I.C.H.R.] Pages 35 through 41, Mr. FLORES, exposes the Modus Operandi of the Texas Judicial System, targeting our Vulnerable immigrant community, mental ills, addicts and those who represent a threat to the interest of a well organized Terrorist Judicial-Criminal Organization and Conform the Bulk of Texas Prison.[S].

Mr. FLORES, Possesses an endless list of Victims, and Political Prisoners, Kidnapped and tortured in the same circumstances and most of them Victimized by the Same Offenders in FLORES V. R. VARA et al supra.

5

, e.g., On January 28, 2015, in De la Cruz - De la Cruz, Jose Isabel WR-82,708-01, Tr. Ct. 2012 CR 9614 - W1. Mr. Flores exposed the customary brutality and deception to obtain convictions in Bexar County, Texas. The District Attorney acting in cahoot with Jailors and gang members "los orejones", in several occasions, inflicted to Mr. De la Cruz, brutal assault, until make him Sign a 15 years conviction, while the appointed counsel Oscar Cantu, threatened him to disappear his family, if he did not Sign Said draconian conviction.

In Salazar, Rolando Tr. Ct. No 2012 CR 2966, COA No. 04-13-00426-CR, PD-0945-14. Mr. Salazar, convinced of his innocence, tried his case in an infested jury trial, full of inconsistencies, false witnesses, and the customary judicial circus, ignorant jurors, unable to identify a double Jeopardy Indictment, resulting in a draconian 40 years conviction. Ironically involving the Same actors and police officers, who fabricate in mass production false charges of Sexual Assault, acting in Cahoot with Corrupted magistrates, prosecutors and attorneys desperates for financial gain, as Mr. Flores, proved it in his trial.

In Gonzales, Ignacio Martin, Tr. Ct. No's 1377914, 1377915, 1377916, COA's No's 01-13-00901-CR, 01-13-00902-CR, 01-13-00903-CR, PD's No's PD-0104-15, PD-01-05-15, PD-0106-15 in a clear vindicted prose-cution and mistrial, obviously a double Jeopardy and ExPost Facto Conviction, in an Infested jury trial, the federal offender, Maria Olivares, Used the innocent mind of his child, falsely charging of Sexual Assault Mr. Gonzales, in order to obtain her legal residence in the United States. The minor Brandon Renovato, clearly testi-fied that Mr. Gonzales never committed said charges, even though Mr. Gonzales, was maliciously convicted to 3 conse-cutive 20 years sentences, based in the false testimony of the federal offender, Maria Olivares.

## CONCLUSION

The Record reflects that, the State of Texas is sponsoring, unconstitutional Criminal activities, prohibited and abolished by the International Community over 100 Years ago, including the death penalty, vindictive Prosecution, Double Jeopardy - Ex-Post facto Convictions among other Cruel and unusual punishments based on National Origin, race and other Class Animus. These Custom and policy have been notorious in several other Cases such as the Sentence to death penalty of RUBEN CANTU, Murdered by Lethal injection on 1996, as result of fabricated charges by San Antonio Police officers and a vindictive Prosecution by the Well Known Schemer-racketeer and defendant, SUSAN D. REED.

In Ronald Wilson V. State, 227 S.W. 3d 446, APP San Antonio 2007. The Schemer San Antonio Police detective in charge, willfully fabricated Murder charges against Mr. Wilson; resulting in the Customary Judicial Circus and 25 Years Sentence, Prosecuted by the Schemer-racketeer, defendant, SUSAN D. REED. See also, Rivera V. State, C.OA. NO. 04-96-00576-CR 952 S.W.2d 34, 1997 Texas App. LEXIS, 3702. San Antonio.

Because the Justices of the Texas Court of Criminal Appeals, are acting out of their role as magistrates by enforcing mere rules and statutes, and the Undeniable Cahoot with the State to injure Mr. Flores and his orphan children is clearly evident. Said Justices are divested of Judicial Immunity and become as mere Clerks of their agency, Therefore Civil and Criminal Liables pursuant to Title 18 U.S.C. § 2331 and others. 42 U.S.C. §§ 1981, 1983, 1985 (2)(3), 1986, and 1988. In Addition to the Penalties prescribes under International Law and Treaties. Signed by the United States.

7

## REQUEST FOR RELIEF

Plaintiff-Complainant, REYNALDO FLORES, requests the magistrates-Justices of this Court of Criminal Appeals of Texas, to make the proper corrections under the Texas and U.S. Constitutions and treaties in the malicious-conspiratorial denial Writ of Habeas Corpus, in conformity with the evidences provided in the Motion for Evidentiary Hearing and P.D.R No. 1866-14. No later than May 28, 2015, ordering his immediately release from captivity without ransom. Otherwise Plaintiff-Complainant will deposit at this very hour on May 28, 2015, the proper Criminal-Civil Prosecution in Federal Court.

Submitted

REYNALDO FLORES
Political Prisoner
Plaintiff-Complainant

## CERTIFICATE OF SERVICE

I, REYNALDO FLORES, Political Prisoner kidnapped and tortured by International Terrorist Organization of Human Trafficking, extortion and Bribery "Bexar County Court System" who owns and operates T.D.C.J II Region, certify that on this the 18 day of May 2015, a truly and correct copy of the foregoing instrument was transmitted to the Clerk, Abel ACOSTA, Court of Criminal Appeals of Texas P.O. Box 12308 Capitol Station Austin, Texas, 78711, with copy in a pending Manifesto to the International Court of Human Rights. and pending Writ to Certiorari. via U.S. Postal Service First Class. Pursuant to 28 U.S.C. 1746.

REYNALDO FLORES
T.D.C.J No. 1912036
610 F.M. 624, COTULLA TX
78014.

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

REYNALDO FLORES,            §
                           §
         Plaintiff,        §
VS.                        §   CIVIL ACTION NO. 2:15-CV-134
                           §
R VARA, *et al*,           §
                           §
         Defendant.        §

## OPINION AND ORDER OF TRANSFER

This action was initiated by Reynaldo Flores, who is incarcerated at TDCJ-CID's

Cotulla Transfer Facility in LaSalle County, Texas (D.E. 1). Though the action was filed

as a lawsuit pursuant to 42 U.S.C. § 1983, Flores appears to be challenging the validity of

his conviction, as well as seeking monetary and injunctive relief against the named

Defendants, and he requests the filing of criminal charges against the Defendants. Flores

named as Defendants a former and present Bexar County Assistant District Attorney, his

trial counsel, the foreman of the Bexar County Grand Jury, and several San Antonio

Police Department officers and detectives. Plaintiff was convicted in Bexar County in

2010 and 2011 of Assault-Family Violence, and is serving prison terms related to those

convictions (D.E. 1).[1]

---

[1] The TDCJ website lists Plaintiff's holding convictions, but does not mention the length of his sentences.
http://offender.tdcj.state.tx.us/OffenderSearch.

1 / 3

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Almost all of the Defendants in this case are located in Bexar County, Texas,[2] and the events giving rise to the lawsuit occurred there. Bexar County is located in the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(4). Flores is incarcerated in the Laredo Division of the Southern District of Texas. 28 U.S.C. § 124(b)(3).

On the other hand, to the extent that Flores is challenging his conviction, the matter sounds in habeas and may be filed either in the district where petitioner is in custody or in the district in which he was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). Because most of the Defendants are located in the San Antonio Division of the Western District of Texas, and the records of Flores's conviction and the witnesses are located there, it is more convenient and would further the interests of justice for this action to be handled in the San Antonio Division, regardless of whether it is treated as a habeas petition or a civil rights lawsuit.

---

[2] Plaintiff does complain that one witness, Edward Garcia, lived in Corpus Christi, Texas, but the events that led to the criminal charges occurred in Bexar County, Texas (D.E. 1 at pp. 3-18).

2 / 3

Accordingly, the Clerk shall transfer this action to the San Antonio Division of the Western District of Texas. All pending motions are denied as moot, subject to being reactivated after the transfer.

SIGNED and ENTERED on _3/23/15_____.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

3 / 3