# United States Court of Appeals
# for the Fifth Circuit

───────────────

No. 25-10644
Summary Calendar

───────────────

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2026

Lyle W. Cayce
Clerk

Joshua Mazique Burton,

*Petitioner—Appellant*,

*versus*

Glenn A. Brenner,

*Respondent—Appellee*.

───────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:25-CV-762

───────────────────────────────

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Joshua Burton, a federal pretrial detainee, filed a 28 U.S.C. § 2241 petition alleging that his right to a preliminary hearing had been waived without his consent when his former attorney, Glenn Brenner, forged his signature in his criminal proceeding. The respondent named in the action was Brenner, not any official who had custody of Burton. The district court dismissed the petition for want of jurisdiction because Burton was then detained

───────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10644

within the Western District of Texas.

We review a district court's determination of its jurisdiction *de novo*. *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Under § 2241, a district court may grant a writ of habeas corpus if a prisoner "is in custody under or by color of the authority of the United States or is committed for trial before some court thereof" or "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3).

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). As Brenner is not the proper respondent, the district court could not have accurately determined whether his "custodian can be reached by service of process." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973).

Accordingly, the judgment is VACATED and REMANDED to allow Burton to amend his petition to name the proper respondent and for additional proceedings as necessary. Burton's motion to supplement the record is DENIED as unnecessary.