NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELTON G. WOODARD,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7178

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-1757, Judge Alan G. Lance, Sr.

---

Decided: May 10, 2012

---

ELTON G. WOODARD, of Amarillo, Texas, pro se.

ELIZABETH SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T.

MANHARDT, Assistant Director. Of counsel on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————————

Before NEWMAN, PLAGER, and WALLACH, *Circuit Judges*.

PER CURIAM.

Elton G. Woodard seeks review of a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court").[1] The question is whether Mr. Woodard is entitled to a later effective date for the reduction of his service-connected benefits due to his incarceration for more than sixty days for conviction of a felony. The Veterans Court affirmed a September 15, 2008, decision of the Board of Veterans' Appeals ("Board") that determined Mr. Woodard was not so entitled. We affirm-in-part and dismiss-in-part.

BACKGROUND

Mr. Woodard served on active duty in the United States Army from May 1985 to August 1993, with six months and eleven days of prior active service. He has service-connected disabilities that entitle him to compensation from the Department of Veterans Affairs ("VA").

On February 6, 2003, the 199th Judicial District Court of Collin County, Texas convicted Mr. Woodard of three felonies, sentencing him to twenty-five years confinement for one of the offenses and fifteen years confinement for each of the other two offenses. *See Woodard*

———————————————

[1] *Woodard v. Shinseki*, No. 09-1757, 2011 WL 933638 (Vet. App. March 18, 2011).

*v. State*, Nos. 05-03-00393-CR, 05-03-00395-CR, 05-03-00395-CR, 2003 WL 1874281 (Tex.App.-Dallas April 15, 2003). Mr. Woodard appealed his convictions, and his appeals were dismissed for lack of jurisdiction. *Id.* The appellate court issued its mandate to the trial court on December 16, 2003.

VA first learned of Mr. Woodard's incarceration in October 2003 through a phone conversation with Mr. Woodard's son. In January 2004, VA called the Texas Department of Criminal Justice and was informed that Mr. Woodard's first date of incarceration following his convictions was March 13, 2003. Later that month, VA notified Mr. Woodard of its intent to reduce his service-connected disability benefits pursuant to 38 U.S.C. § 5313(a)(1).[2] In April 2004, the VA Regional Office ("RO") issued a decision reducing Mr. Woodard's benefits effective May 12, 2003, the sixty-first day of his incarceration.

Mr. Woodard appealed the RO's decision seeking a later effective date for his reduction of benefits. According to Mr. Woodard, his benefits should not have been reduced until December 16, 2003, when the Texas Court of Appeals issued its mandate. The Board denied Mr. Woodard's claim, noting that the provisions of 38 U.S.C. § 5313 "are operative when a conviction has led to incarceration, regardless of whether the recipient's appellate options have been exhausted." *In re Woodard*, No. 06-31

---

[2] That section requires a reduction of benefits for "any person who is . . . incarcerated in a Federal, State, local, or other penal institution or correctional facility for a period in excess of sixty days for conviction of a felony . . . for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends . . . ."

927, slip op. at 5 (Bd. Vet. App. September 15, 2008). The Veterans Court affirmed, noting that to find otherwise "would violate the canons of statutory and regulatory construction." *Woodard*, 2011 WL 933638 at *1. Mr. Woodard now appeals to this court.

## DISCUSSION

This court's review of Veterans Court decisions is strictly limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." We review such questions of statutory and regulatory interpretation without deference. *Andre v. Prinicipi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002). Unless an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Woodard presents a variety of issues for decision, some of which are arguably within this court's appellate jurisdiction, and some of which clearly are not.

In making its decision, the Veterans Court interpreted 38 U.S.C. § 5313 to require a reduction of benefits "without regard to an appeal of the conviction . . . ." *Woodard*, 2011 WL 933638 at *1. Mr. Woodard does not directly challenge that interpretation on appeal. He does, however, contend that the provisions of 38 U.S.C. § 5313 were not triggered until the Texas Court of Appeals issued its mandate on December 16, 2003, because he was neither "convicted" nor "incarcerated" until then. According to Mr. Woodard, a conviction requires a decision of a Texas state court and he did not receive such a decision

until the mandate.  *See* Informal Brief of Appellant at 3 (citing *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991) and *Wadsworth v. Jackson*, 235 F.3d 959, 962 (5th Cir. 1991) as "affirm[ing] that the Texas Department of Criminal Justice is not a state court").[3]   Mr. Woodard also contends that under Article 42.09 § 3 of the Texas Code of Criminal Procedure,[4] he was merely committed, not incarcerated, until the mandate issued.

Giving Mr. Woodard's pro se brief the broadest possible reading, Mr. Woodard's arguments can be construed as challenging the Veterans Court's interpretation of 38 U.S.C. § 5313.  However, we see no error in the Veterans Court's conclusions that the 199th Judicial District Court of Collin County convicted Mr. Woodard of a felony, and that Mr. Woodard's "commitment pending mandate" was an incarceration within the meaning of the statute. "Commitment" is defined as "[t]he act of confining a person in a prison, mental hospital, or other institution" and "incarceration" is defined as "[t]he act or process of

---

[3]   Mr. Woodard appears to be under the erroneous impression that his felony charges were tried by the Texas Department of Criminal Justice.  In fact, Mr. Woodard's charges were adjudicated by the 199th Judicial District Court of Collin County, which is a Texas state court.  *See Woodard*, 2003 WL 1874281.

[4]   At the time of the Board's decision, that provision stated:

> If a defendant is convicted of a felony and sentenced to . . . a term of more than ten years in the institutional division of the Texas Department of Criminal Justice and he gives notice of appeal, he shall be transferred to the institutional division on a commitment pending mandate from the court of appeals or the Court of Criminal Appeals.

confining someone." *Black's Law Dictionary*, 288, 775 (8th ed. 2004). Thus, the Veterans Court did not err in finding the two terms interchangeable under 38 U.S.C. § 5313.

Even broadly read, we conclude that we lack jurisdiction to entertain Mr. Woodard's arguments that: (1) the Veterans Court improperly relied on telephone conversations with (i) his son, which Mr. Woodard contends is "illegally obtained heresay [sic]," and (ii) the Texas Department of Criminal Justice, which Mr. Woodard contends is "an ex post facto application of the VA procedures"; (2) the Veterans Court improperly "allowed the Secretary to file his brief after the time allowed had expired"; and (3) the Veterans Court failed to give him the "benefit of a reasonable doubt." *See* Informal Brief of Appellant at 1, 5, 9. Although these issues could be framed as constitutional issues, at bottom these arguments merely challenge the Veterans Court's application of regulations and procedural rules to the facts of this particular case. Thus, these issues are beyond our jurisdiction.

To the extent Mr. Woodard is arguing that VA's unauthorized contact with his minor son renders inadmissible the evidence VA later obtained based on that contact, we know of no authority requiring such an outcome. To the extent Mr. Woodard is arguing that the Veterans Court misinterpreted the applicable VA procedural manual in allowing the RO to rely on oral confirmation of his incarceration, we note that when nothing in the statute precludes oral notice, this court affords VA the flexibility needed for efficient modern claims processing. *See Paralyzed Veterans of Am. v. Sec'y Veterans Affairs*, 345 F.3d 1334, 1348-49 (Fed. Cir. 2003). To the extent Mr. Woodard is arguing that the Veterans Court misinter-

preted its own procedures by accepting the Secretary's untimely brief, we note that the Veterans Court has broad discretion to interpret and apply its Rules of Practice and Procedure. *See Bastien v. Shinseki*, 599 F.3d 1301 (Fed. Cir. 2010). Finally, to the extent Mr. Woodard is arguing that the Veterans Court misinterpreted the benefit-of-the-doubt provision of 38 U.S.C. § 5107(b), we note that nothing in the Veterans Court's opinion indicates the court relied on an interpretation of that statute in deciding this case.

With regard to those issues noted that arguably are within this court's jurisdiction to review, we affirm the decision of the Veterans Court. The appeal of the other issues, those beyond our appellate jurisdiction, is dismissed.

**AFFIRMED-IN-PART, DISMISSED-IN-PART**

COSTS

No costs.